## ALEXANDER v. CROLLOTT, JUSTICE OF THE PEACE.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 118.   Submitted November 27, 1905.—Decided December 18, 1905.

Although a writ of prohibition will lie to an inferior court acting manifestly beyond its jurisdiction, the writ will issue only where there is no other remedy; and even though the judgment may be void, as that fact does not prevent its reversal on appeal, mandamus cannot be resorted to where the statute gives an appeal. The requirement of giving a bond on appeal is an ordinary incident of litigation and does not obviate the necessity of the appeal and justify the issuing of a writ of mandamus.

THIS is an appeal taken from a judgment rendered by the Supreme Court of the Territory of New Mexico quashing a writ of prohibition issued by that court to the defendant Crollott, a Justice of the Peace of the County of Bernalillo; which commanded him to desist and refrain from any further proceedings in five several actions of forcible entry and detainer, instituted by one Cleland before said Justice and against Alexander and four other parties.

An appeal was taken from the ordes quashing the writ to this court.

*Mr. Neill B. Field* for appellant.

*Mr. William B. Childers* for appellee.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

Although a writ of prohibition will lie to an inferior court, when it is acting manifestly beyond its jurisdiction, such writ will issue only where there is no other remedy. *Smith* v. *Whitney,* 116 U. S. 167; *In re Cooper,* 143 U. S. 472, 495; *In re Rice,*

155 U. S. 396, 403; *In re New York &c. Steamship Company*, 155 U. S. 523, 531.

By his answer Alexander claimed to be the owner of the property, and alleged a want of jurisdiction on the part of the Justice to determine the question of ownership in a proceeding for forcible entry and detainer. The Justice decided against him. Under such circumstances he should have taken an appeal to the District Court under section 3358 of the New Mexican code, which provides that "An appeal shall be allowed to the District Court in all cases wherein judgment may be hereafter rendered in forcible entry and unlawful detainer, or both." No reason is apparent why this appeal was not taken.

The fact that the judgment may have been void will not prevent its reversal upon appeal, *Capron* v. *Van Noorden*, 2 Cranch, 126; *Kempe's Lessee* v. *Kennedy*, 5 Cranch, 173; *Dred Scott* v. *Sandford*, 19 How. 393, 473, 518, 566; *M. C. & L. M. Ry. Co.* v. *Swan*, 111 U. S. 379, 382; *Mexican &c. R. R. Co.* v. *Davidson*, 157 U. S. 201, 208; *Jordan* v. *Dennis*, 7 Met. 590; *Waters* v. *Randall*, 8 Met. 132; *Striker* v. *Mott*, 6 Wend. 465; *Langford* v. *Monteith*, 102 U. S. 145, nor does the requirement of a bond obviate the necessity of an appeal. It is one of the ordinary incidents of litigation.

*Affirmed.*