# IN RE DAHLGREN.

---

WRIT OF PROHIBITION; JUDGMENTS; APPEALS; ADMINISTRATION OF DECE-
DENTS' ESTATES.

1. Where a remedy by appeal is open and available, the writ of pro-
   hibition will not issue, since the writ cannot be made to serve the
   purpose of a writ of error or certiorari.

2. The fact that a judgment is void will not prevent its reversal on appeal.

3. The fact that a special appeal from an order of the lower court might have been, but was not, applied for, affords ground for the refusal of a writ of prohibition to restrain proceedings under such order.

4. Where the lower court, notwithstanding the pendency of a petition for the probate of a will, makes a summary order framing an issue for trial by jury to determine whether the decedent died intestate, this court will not grant a writ of prohibition to stop proceedings under the order, as that court has general jurisdiction to determine all questions relating to the execution and validity of wills presented to it for probate, and to grant letters of administration in cases of intestacy, and even though the order is void, the parties complaining of it have their remedy by appeal.

No. 290. Original. Submitted March 3, 1908. Decided March 10, 1908.

HEARING on a petition for a writ of prohibition to a Justice of the Supreme Court of the District of Columbia, holding a probate term, and to parties to a proceeding in that court, to prohibit proceedings under an order framing an issue for trial by jury.                                  *Denied.*

The COURT in the opinion stated the facts as follows:

This petition was filed February 27, 1908, by Caroline Colton Dahlgren, praying for a writ of prohibition to issue to Helen Margaret Beatrice Sacher, or Siegfried Sacher, her father and next friend, from prosecuting the trial of an issue of intestacy as framed in an order dated February 21, 1908, and to Mr. Justice Job Barnard of the supreme court of the District of Columbia, prohibiting him from proceeding with the trial of said issue of intestacy.

A rule to show cause why the writ should not issue was duly served, and each respondent has filed a return. Accompanying these returns are certain affidavits, which, however, it will not be necessary to set forth.

The facts necessary to be here stated are these:

Ellen M. Colton died in the District of Columbia on Febru-

ary 10; 1905, leaving both real and personal property in the District. On December 5, 1904, she executed a paper writing purporting to be her last will and testament.

On April 12, 1905, Walter J. Bartnett, who was named as executor in said will, filed a petition in the superior court of the county of Santa Cruz, in the State of California, wherein he alleged that the decedent, Ellen M. Colton, left an estate in said county of Santa Cruz consisting of both real and personal property, and prayed that letters testamentary be issued upon said will. The only heirs at law and next of kin of said decedent were her daughter, Caroline Colton Dahlgren and her great grand-daughter, Helen Margaret Beatrice Sacher, the child of a deceased grand-daughter.

On November 21, 1905, the said Helen M. B. Sacher, by her guardian and next friend, Siegfried Sacher, filed in said court amended grounds of opposition to the probate of said will; and on November 30, 1905, the said Helen M. B. Sacher, through her father and next friend, filed her petition in the supreme court of the District of Columbia, holding a probate court for said District, setting forth that she was one of the heirs at law and next of kin of said decedent; and that the said Siegfried Sacher had been appointed her guardian by an order of the superior court of the county of Santa Cruz, in the State of California, and that the said William J. Bartnett had filed in said superior court a paper writing purporting to be the last will and testament of the said decedent, Ellen Colton, and praying that the same be admitted to probate; and that the said Helen M. B. Sacher had filed a petition in said court in opposition to the probate of said will and for general relief; and further stating that the issues raised by said petition were then pending for trial in said superior court of the county of Santa Cruz, in the State of California, and praying that letters *ad colligendum* should be issued to some proper person in the District of Columbia for the purpose of preserving the assets of the estate of said decedent in this District.

On November 24, 1905, the supreme court of the District of Columbia, holding a probate court, appointed Charles A.

Douglas and Arthur Mattingly collectors of the personal estate of said decedent in the District.

In November, 1906, the issues pending in said superior court of the county of Santa Cruz, in the State of California, came on for trial before said court and a jury, which, at the expiration of four months, resulted in a mistrial.

On November 2, 1906, said Helen M. B. Sacher, by her father and next friend, Siegfried Sacher, filed in the supreme court of the District of Columbia, holding a probate court, under a different docket number, a further petition for the appointment of collectors upon said estate of said decedent in the District of Columbia, and for the appointment of an administrator therein, and for the return of said personal property to the District of Columbia, which it was alleged had been received by the said William J. Bartnett as special administrator under an appointment by said superior court of the county of Santa Cruz, in the State of California. Said petition further alleged that the said decedent, Ellen M. Colton, died in the City of Washington on the 10th day of February, 1905, and that she was domiciled in said city at the time of her death, and that she was unlawfully induced and required to sign a paper writing dated December 5, 1904, and that said paper writing was not her valid last will and testament, because she was not of sound and disposing mind and understanding at the time of its execution; that said paper writing was not properly executed as a will of real and personal property, and was procured by the fraud, coercion, and undue influence of Caroline Colton Dahlgren, the petitioner herein, and others. To this petition was annexed a photographic copy of said paper writing purporting to be the last will and testament of said decedent, Ellen M. Colton. The petition contained a prayer that issues be framed to determine the domicile of said decedent at the time of her death, and that the court would, for the purpose of testing the validity of said paper writing, receive said photographic copy as and for the original, and treat said petition as a caveat to said paper writing, and cause appropriate proceedings to be had in reference to said paper writing as would judicially determine its validity

as the last will and testament of the said decedent, Ellen M. Colton, or that the court, by reason of the facts stated, would ignore said paper writing and issue letters of administration upon said estate. Citation and rule to show cause why letters of administration should not be granted were duly served on the petitioner herein, who thereupon answered said petition and denied the allegations therein concerning the capacity of said decedent at the time she executed said paper writing, and the allegations of undue influence, fraud, and coercion, and averred that the legal domicil of the decedent at the time of her death was in the county of Santa Cruz, in the State of California, and set up the proceedings in said superior court, to which reference has heretofore been made.

On October 22, 1907, the said Helen M. B. Sacher, by her attorneys, filed a motion in the supreme court of the District of Columbia, holding a probate court, as follows:

In the Supreme Court of the District of Columbia,
Holding Probate Court.
In Re Estate Ellen M. Colton, Deceased.
Probate No. 14,004.

Comes now Helen Margaret Beatrice Sacher, by her attorneys, and moves the court to frame issues in the above-entitled cause for trial, before a jury, to determine the domicil of the decedent, Ellen M. Colton, at the time of her death, as set out in the pleadings in this cause; whether the paper writing dated December 5, 1904, is the last will and testament of said decedent; and whether the same was duly executed according to law; whether, at the time of the execution thereof, said decedent was of sound and disposing mind, memory, and understanding, and whether the execution thereof was procured by the fraud, coercion, or undue influence of any person or persons.

R. Golden Donaldson.
B. W. Parker.

October 22, 1907.

This motion came on to be heard before Mr. Justice Ashley

M. Gould, of the supreme court of the District of Columbia, then holding a probate court, and on October 29, 1907, the said justice refused all the issues requested in said motion save that for the determination of the domicil of the decedent, Ellen M. Colton, at the time of her death. The trial of that issue was fixed for the 11th day of November, 1907. Thereafter, on the 22d and 23d days of January, 1908, said issue was duly tried before a jury in criminal court No. 2, Mr. Justice Barnard presiding, and it was determined that the domicil of the decedent, at the time of her death was the District of Columbia. Immediately thereafter the petitioner herein, through her attorneys, sent to the superior court of the county of Santa Cruz, in the State of California, to have said paper writing of December 5, 1904, purporting to be the last will and testament of said decedent, Ellen M. Colton, sent to the register of wills for the District of Columbia.

On January 31, 1908, by agreement of counsel, Mr. Justice Barnard, holding criminal court No. 2 (he having become familiar with prior proceedings in the contest), heard a motion theretofore filed by said Helen M. B. Sacher, that an issue be framed for a trial by jury, whether the said decedent, Ellen M. Colton, died intestate. Over the objection of the petitioner herein, the following order was passed:

In the Supreme Court of the District of Columbia.
In the Matter of the Estate of Ellen M. Colton,
Deceased.
No. 14,004. Ad. Doc.

Upon consideration of the motion this day filed in this case on behalf of the petitioner, Helen Margaret Beatrice Sacher, for the framing of an issue as to the alleged intestacy of the decedent, Ellen M. Colton, and after hearing counsel for all the respondents, except Walter J. Bartnett, in opposition thereto, and upon its appearing to the court that notice of the calling of said issue at this time has been duly served upon counsel of record for said Bartnett, it is, this 31st day of January, 1908, ordered that said motion shall be granted, and issue as to in-

testacy shall be framed accordingly, unless, on or before the 14th day of February, 1908, the respondents, or some of them, shall formally offer for probate in this court, as the last will and testament of the said Ellen M. Colton, the instrument dated the 5th day of December, 1904 purporting to be the last will and testament.

Job Barnard, Justice.

This order, on February 14, 1908, was extended to February 19, 1908, and on the 19th of February it was again extended to the 21st of February, 1908.

Said paper writing of December 5, 1904, purporting to be the last will and testament of the decedent, Ellen M. Colton, was duly filed with the register of wills for the District of Columbia on the 19th of February, 1908.

The petitioner herein, Caroline Colton Dahlgren, duly presented her petition to the probate court that said paper writing be admitted to probate and record as the last will and testament of the decedent, said Ellen M. Colton. With this petition was a renunciation by William J. Bartnett of his right to act as executor. The petition also contained the usual prayer that citation should issue, requiring Helen M. B. Sacher, who was the only other heir at law of the decedent, to show cause why such will should not be admitted to probate and record, and why letters of administration (*cum testamento annexo*) should not be issued. Said citation was duly issued and placed in the hands of the United States marshal for the District of Columbia for service.

Subsequently, on February 21, 1908, over the protest and exception of Caroline Colton Dahlgren, the petitioner herein, Mr. Justice Barnard entered the following order:

In the Supreme Court of the District of Columbia.
In Re Estate of Ellen M. Colton, Deceased.
Ad. No. 14,004.

Upon motion by counsel for the petitioner, Helen Margaret Beatrice Sacher, and after hearing counsel for the respondents

in opposition thereto, it is, this 21st day of February, 1908, ordered, that the following issue be and it is hereby framed for trial by jury in this case:

"Did the decedent, Ellen M. Colton, die intestate?" And it is further ordered that the trial of said issue be and it is hereby framed for the 11th day of March, 1908.

                                        Job Barnard, Justice.

*Mr. Charles A. Douglass* and *Mr. Conrad H. Syme* for the petitioners.

*Mr. A. S. Worthington, Mr. R. Golden Donaldson,* and *Mr. B. W. Parker* for the respondents.

Mr. Justice Robb delivered the opinion of the Court:

It is contended on the part of the petitioner herein that should said issue of intestacy, as framed, be allowed to be tried, "the effect thereof would be to render inoperative the entire law relating to the probate of wills in the District of Columbia, and those provisions of law providing for a caveat of the same, and the framing of issues upon such caveats;" that inasmuch as the Code prescribes the proceedings to follow the filing of a will for probate, the court was without jurisdiction to frame said issue.

It is contended by counsel for the respondent, Helen M. B. Sacher, that the court has full power and authority, notwithstanding the filing of a petition for the probate of a will, to hear and determine, through a trial by jury, the question whether a decedent died intestate.

Jurisdiction to hear and determine all questions relating to the execution and to the validity of any and all wills presented for probate is, by sec. 117 of the Code [31 Stat. at L. 1208, chap. 854] expressly conferred upon the supreme court of the District of Columbia, holding probate court. Sec. 273 of the Code [31 Stat. at L. 1234, chap. 854] expressly authorizes the same court to grant letters of administration upon satisfactory

proof that the decedent died intestate. Obviously, therefore, the supreme court had general jurisdiction of the subject-matter of this controversy. Whether, upon the filing of the will, the court had authority summarily to determine whether the decedent died intestate, and thus indirectly challenge the validity of a will, it is not necessary now to determine; for if that court in proceeding under its said order of February 21, 1908, commits error, it may be corrected on appeal. Where such a remedy is open and available, the writ of prohibition will not issue, since the writ cannot be made to serve the purpose of a writ of error or certiorari. *Smith* v. *Whitney,* 116 U. S. 167, 29 L. ed. 601, 6 Sup. Ct. Rep. 570. The court, having general jurisdiction over the subject-matter and over the parties, should be allowed to proceed to decision. Re *New York & P. R. S. S. Co.* 155 U. S. 523, 39 L. ed. 246, 15 Sup. Ct. Rep. 183. Even assuming that the judgment of the court in the circumstances of the case will be void, it may nevertheless be corrected on appeal. *Alexander* v. *Crollott,* 199 U. S. 580, 50 L. ed. 317, 26 Sup. Ct. Rep. 161. That case involved five several actions of forcible entry and detainer instituted before said justice against Alexander and four other parties. Alexander claimed to be the owner of the property, and at the outset alleged lack of jurisdiction on the part of the justice, who, however, decided against him. He thereupon applied for a writ of prohibition, and from an order of the supreme court of the Territory quashing the writ he appealed to the Supreme Court of the United States. It was there held that inasmuch as an appeal might have been taken to the District court the writ was properly refused because "such writ will issue only where there is no other remedy." The court further said: "The fact that the judgment may have been void will not prevent its reversal upon appeal."

In the present case an application for a special appeal might have been made to this court, and, if granted, would have afforded the petitioner herein adequate relief. The fact that such appeal was not sought furnishes no ground for the issuance of a writ of prohibition, but, on the contrary, the fact that such

appeal was open to the petitioner herein affords ground for the refusal of the writ.

It appearing that the supreme court of the District, holding probate court, had general jurisdiction over the subject-matter of the controversy, and that, if error is committed, it may be corrected on appeal, the writ of prohibition is denied. The costs of this proceeding will be adjudged against Caroline Colton Dahlgren, the petitioner herein.

Writ of prohibition *denied*.