264

## UNITED STATES ex rel. SHORE v. DAY, Commissioner of Immigration.

District Court, S. D. New York. November 25, 1929.

Gasparo M. Cusumano, of New York City, for relator.

The United States Attorney and George B. Schoonmaker, of New York City, for respondent.

WOOLSEY, District Judge. The writ is sustained, and the petitioner discharged.

This is an exclusion case. There is not any question whatever that the relator, an Albanian alien, actually resided continuously in the United States from some time in October, 1913, until March 20, 1929, when he left for a visit to Switzerland. His evidence, which is given in great detail, shows his thorough knowledge of many places in the United States where he has worked. He is married, and has a wife and child in Detroit, Mich. He has never been debarred or deported from the United States or Canada.

On March 20, 1929, he sailed for Switzerland with an Albanian passport, issued to him at Boston on March 14, 1929. He returned on the Olympic on June 26, 1929. He then had with him his Albanian passport and a nonquota immigration visa No. 27, which had been issued by the consul of the United States at Lausanne, Switzerland, on June 13, 1929.

Since his return the alien has been given three hearings before a board of special inquiry at Ellis Island. Each of the last two of these hearings was given under an order of a judge of this court. On each hearing the board decided that the alien should be excluded. Admission was denied to him on the ground that he had not established that he entered the United States lawfully when he first came here in October, 1913.

This ruling of the board of special inquiry was affirmed by the Commissioner General of Immigration at Washington, and, if this writ had not issued, the relator would have been sent back to Switzerland on the steamship Majestic, scheduled to sail August 23, 1929.

The position taken by the board of special inquiry, affirmed by the Department of Labor, is, in substance, that the relator must be excluded, because there is not any record in the files of the Immigration Department of his admission at Ellis Island. In other words, the Department has taken the position that the absence of a record of his admission is evidence which justifies its action.

The alien's evidence clearly shows, I think, that he actually did go through Ellis Island, when he came off the Lusitania in 1913. So far as appears in this record, therefore, the only possible reason for excluding this alien is that he has not shown that he entered lawfully when he first came to the United States in October, 1913, and his failure to do so is predicated entirely on the fact that there was not any record of his entry.

The failure to have a proper record of the relator's entry into the United States in October, 1913, may have been due to negligence or mistake of the employees of the very Department which is now passing on his case in a quasi judicial capacity.

I do not think that the absence of the record is evidence in the proper sense of that word. Cf. In re Kempson (D. C.) 14 F.(2d) 668, 669. Whilst absence of a record may be a reason why the Bureau of Immigration should go thoroughly into the situation and scrutinize the alien's testimony with great care, it is not, in and of itself, evidence which should be the basis for his exclusion. At most it may only be considered as increasing the burden of proof cast upon the alien by section 23 of the Immigration Act of 1924 (8 USCA § 221).

There is, however, another consideration in this case. If the relator had not gone for

his short trip to Switzerland, there would not have been any question but that he would have been eligible under the provisions of the Act of March 2, 1929, § 1, now incorporated in the United States Code as section 106a of title 8 (8 USCA § 106a), which deals with Aliens and Citizenship, to have applied for registry as an alien resident.

That section provides:

"§ 106a. Registry of Aliens Entering Prior to June 3, 1921. (a) The registry of aliens at ports of entry required by section 106 of this title may be made as to any alien not ineligible to citizenship in whose case there is no record of admission for permanent residence, if such alien shall make a satisfactory showing to the Commissioner General of Immigration, in accordance with regulations prescribed by the Commissioner General of Immigration, with the approval of the Secretary of Labor, that he—

"(1) Entered the United States prior to June 3, 1921;

"(2) Has resided in the United States continuously since such entry;

"(3) Is a person of good moral character; and

"(4) Is not subject to deportation."

For aliens able to comply with the provisions contained in it that section will do away, to a large extent at least, with the question as to lawful entry, which often arises in respect of entries made by aliens, in past years, when the records of the Immigration Officers were, perhaps, not kept with very great care.

General Order No. 129 of the Bureau of Immigration, promulgated by the Secretary of Labor on April 6, 1929, has obviated the technical difficulty which the alien's short absence in Switzerland might have created under the terms of section 106a, because the order provides that absence for less than a year may be deemed, under appropriate circumstances, not to have interrupted his continuous residence as provided for in this section.

In the relator's case we have an alien who apparently comes wholly within the provisions of section 4(b) of the Immigration Act of 1924 (8 USCA § 204(b), as a nonquota immigrant, unless the Department can be allowed to continue to urge as an unlawful entry any entry of which it has not a record. It seems to me that for the reasons above given, and in view of section 106a of the United States Code (8 USCA § 106a) which I have just discussed, such a contention cannot successfully be maintained. Since the enactment of section 106a, there must be some other reason, it seems to me,

on which to base the exclusion of an alien in the situation of the relator here.

I find, therefore, that this alien was a nonquota immigrant under the provisions of section 4(b) of the Immigration Act of 1924, who returned to this country with his national passport, which was secured in this country before he left, and a nonquota visa, to which I hold he was entitled, secured from an United States consul in Switzerland.

Therefore, under the law and rules now in force, the Department had not the right to exclude the relator.