## FAFALIOS v. DOAK, Secretary of Labor.
### No. 5008.

Court of Appeals of District of Columbia.
Argued Feb. 6, 1931.
Decided May 4, 1931.
Petition for Rehearing Denied May 18, 1931.

Ward Bonsall, of Pittsburgh, Pa., for appellant.

Leo A. Rover and J. W. Fihelly, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN. ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District sustaining the motion of appellee to dismiss appellant's bill seeking the cancellation of the order of deportation and the bond given by appellant.

Appellant is a native and citizen of Greece, and entered the United States on or about September 15, 1924. He was arrested under a warrant issued by the Secretary of Labor, charged with being subject to deportation under the Immigration Act of 1924 (43 Stat. 153, U. S. C. tit. 8, §§ 201–229 [8 USCA §§ 201–229]), in that he was not at the time of his entry in possession of an unexpired immigration visa. He was accorded a hearing at Pittsburgh, Pa., and was released on $500 bond. A subsequent hearing and a review by the Department of Labor resulted in an order that he be deported to Greece at the expense of the government, or that he depart voluntarily, without expense to the United States, to any country of his choice, except foreign contiguous territory or adjacent islands. Thereupon he filed the bill herein.

Appellee moved to dismiss on the ground, among others, that appellant has an adequate and complete remedy at law. Upon that ground the court below dismissed the bill.

The bill contains the following statement: "Without surrendering to the custody of immigration officers in accordance with the terms of the illegal order Exhibit C, plaintiff has no right to the writ of Habeas Corpus or to any other process at law; and if plaintiff surrenders to immigration officers he can only do so for the purpose of deportation, and plaintiff would thereby lose the right given him by said order Exhibit C to depart voluntarily at his own expense. * * *" This contention is without merit. Section 19 of the Immigration Act of February 5, 1917 (39 Stat. 874, 889, U. S. C. tit. 8, § 155 [8 USCA § 155]), provides that an alien who is unlawfully in this country shall be taken into custody and deported. As a matter of grace, the Secretary of Labor usually allows the alien the privilege of voluntarily departing from the United States, but the privilege may be revoked or withdrawn at any time. United States v. Curran (C. C. A.) 16 F. (2d) 958.

By surrendering to the proper immigration officer, the writ of habeas corpus will be available to appellant. "The court then, for the time being, having control of the person of the relator, may determine the facts of the case and dispose of him as law and justice require." Sibray v. United States (C. C. A.) 185 F. 401, 404. In other words, the writ will accord him an adequate and complete remedy. Should appellant's contention be sustained, every alien, by merely giving bail, might test the legality of the deportation proceedings through a bill in equity in the District of Columbia, instead of through a writ of habeas corpus in the proper district.

The decree is affirmed.

Affirmed.