**DARABI v. NORTHRUP, Immigration Inspector.**

**SAME v. UNITED STATES.**

**Nos. 5991, 5992.**

Circuit Court of Appeals, Sixth Circuit.

Dec. 8, 1931.

Cornelius Maloney, of Cleveland, Ohio, for appellant.

J. B. Osmun, of Cleveland, Ohio, for appellees.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

The order discharging the writ of habeas corpus and remanding the petitioner to the immigration authorities for deportation must be affirmed. It is undisputed that he entered under a student's visa which had been procured by the representation of intention to study in a certain school, and that this representation was false. His story is that he was waiting in Canada until he could come in upon the regular quota visa; that he had employed to help him an agent of his own nationality who prepared the papers which the alien signed, and who brought to him the permit; that he, the alien, could not read or write English, and believed that these papers all pertained to his entry as a quota immigrant; and that he paid a large sum of money to this assistant, and was thus himself the victim, rather than the perpetrator, of a fraud.

This story may be true, but it cannot change the unlawful entry into a rightful one, nor entitle him to remain in this country in plain violation of the immigration law.

It also appears that shortly after the entry his name was reached on the waiting list of those entitled to a quota visa, at the office of the American Consul in Canada where he had entered his name, and that if he had then been in Canada he might have obtained this visa and have lawfully entered the United States. Upon the basis of the equity thought to arise from this claim, the alien filed a bill in equity against the United States, seeking a declaration that he had a right to be here and should not be deported. We know of no support in the law for any such proceeding, and the decree dismissing the bill in equity must be affirmed.

The District Judge rightly held that the alien had been domiciled in Canada and should be returned, not to Hungary, but to Canada, unless it should refuse to receive him. This also must be affirmed.