430

**POLISZEK v. DOAK, Secretary of Department of Labor, et al.**

No. 5322.

Court of Appeals of District of Columbia.

Submitted Feb. 3, 1932.

Decided Feb. 29, 1932.

Raymond Hudson, of Washington, D. C., for appellant.

Leo A. Rover, U. S. Atty., of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District dismissing appellant's petition for a writ of prohibition.

Appellant is an alien and arrived in this country December 22, 1922. He was accorded a hearing by a board of special inquiry under the provisions of section 17 of the Immigration Act of February 5, 1917 (chapter 29, 39 Stat. 874, 887, U. S. C., title 8, § 153 [8 USCA § 153]), and ordered excluded from the United States because (1) suffering from a physical defect (deaf-mutism), (2) was a person likely to become a public charge, and (3) was unable to read. Section 3, Act of February 5, 1917, ch. 29, 39 Stat. 874, 875, amended by Act June 5, 1920, ch. 243, 41 Stat. 981, U. S. C., title 8, § 136 (8 USCA § 136). On appeal to the Secretary of Labor the decision was affirmed, but the Secretary directed that Poliszek be admitted temporarily under bond for a period of six months, and he was so admitted. On July 15, 1923, by authority of the Secretary, the temporary stay was extended for a period of one year. On July 15, 1924, a further extension for a like period was granted.

On July 2, 1924, the then Assistant Commissioner General of Immigration, in a letter to the Mystic Oral School for the Deaf, Mystic, Conn., concerning Poliszek, stated that he would be given "an examination upon the expiration of his extended stay to determine whether he may be permitted to remain in this country permanently." Thereafter Poliszek requested the Bureau of Immigration of the Department of Labor to accord him such a hearing; but the request was refused, the department claiming that the Assistant Commissioner General of Immigration had no authority under the immigration laws and regulations to write such a letter and that his action in so doing was not binding upon the Secretary of Labor.

Thereafter the petition herein was filed against the Secretary of Labor and the Acting Secretary of Labor to prohibit both or either of them and their assistants and attorneys from in any manner interfering with the alien, from declaring his bond forfeited, from annoying him with notices that he must leave the United States or that he would be deported, from issuing any warrant of arrest or for the deportation of the alien; and praying that the alien be granted a full and complete hearing and that all his rights be established and orders and decrees be entered protecting him in his rights, liberty, and property.

In Smith v. Whitney, 116 U. S. 167, 175, 6 S. Ct. 570, 574, 29 L. Ed. 601, which involved an application for a writ of prohibition to a court-martial, the court said: "Whether the supreme court of the District of Columbia has power in any case to issue a writ of prohibition to a court-martial is a question of great importance not heretofore adjudged by this court; and we are not inclined, in the present case, either to assert or to deny the existence of the power because upon settled principles, assuming the power to exist, no case is shown for the exercise of it. * * * The object of a writ of prohibition is to prevent a court of peculiar, limited,

or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance. ` * ` A writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to exceed its jurisdiction. It cannot be made to serve the purpose of a writ of error or certiorari, to correct mistakes of that court in deciding any question of law or fact within its jurisdiction."

▆ Whether the Supreme Court of the District has jurisdiction in any case to issue a writ of prohibition against an executive officer of the government we need not decide, for, assuming the existence of the power, the court below rightfully refused to exercise it in the present case. The Immigration Act of 1917 (39 Stat. 874) prescribes the procedure for the exclusion and deportation of aliens and makes the decision of the Secretary of Labor final. So long, therefore, as he keeps within his jurisdiction and his decisions are not arbitrary or capricious, they are beyond the control of the courts. That the Secretary has jurisdiction both of the subject-matter and of the person in the present case is too plain to admit of question. Moreover, the writ of prohibition will never issue where there is another adequate remedy. In re Macfarland, 30 App. D. C. 365; In re Rice, 155 U. S. 396, 15 S. Ct. 149, 39 L. Ed. 198; Alexander v. Crollott, 199 U. S. 580, 26 S. Ct. 161, 50 L. Ed. 317. In Fafalios v. Doak, 60 App. D. C. 215, 50 F.(2d) 640, we ruled that habeas corpus is the proper remedy to review deportation proceedings.

The judgment is affirmed.

Affirmed.