## UNITED STATES ex rel. SHORE v. CORSI, Commissioner of Immigration.
### No. 48.

Circuit Court of Appeals, Second Circuit.
Nov. 7, 1932.

George Z. Medalie, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Gaspare M. Cusumano, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The Board of Special Inquiry, at Ellis Island, concluded that the appellee was subject to exclusion because it was not shown that he entered lawfully when, as the alien claimed, he came to this country on the steamship Lusitania in October, 1913. He came here a second time, traveling alone, on the steamship Olympic, arriving at the port of New York June 26, 1929, and was then detained. He was given a hearing July 1, 1929, before the Board of Special Inquiry, at which time he produced a nonquota immigrant visé, issued by the United States consul at Lausanne, Switzerland, on June 13, 1929, which classified him as a "nonquota immigrant" under section 4 (b) of the Immigration Act (title 8, USCA § 204 (b)). It provides that a nonquota immigrant is one who previously has been lawfully admitted to the United States and is returning from a temporary visit abroad. The alien said that he spoke English imperfectly, was married seventeen years, had a son 5 years old, born in the United States, and came to renew his residence, intending to remain permanently in the United States, and was going to his wife, who lived in Detroit, Mich. When he first came, he said it was under the name of Baki Osman, and he was asked, "Why have you changed your name?" and answered: "I came to the United States under the name of Thanas Shore. I was going to Baki Osman. I thought you asked me to whom I was going." He had not declared his intention to become a citizen at any time, and he produced no proof of his having come here in 1913. Investigation as to his claimed arrival in 1913 showed that his name was not on the manifest of the steamship Lusitania which arrived in October, 1913. His exclusion was based on the ground that he had not established his status as a nonquota immigrant under section 4 (b) of the Immigration Act of 1924, and that under section 13 (a) of the act (8 USCA § 213 (a), he was a quota immigrant without a passport and not admissible.

After an appeal to the Secretary of Labor, he was given a further hearing before the Board, and was notified that another search had been made of the records of the steamship Lusitania which arrived in October, 1913, and that his name did not appear. He could not remember having paid a head tax in 1913. The Board adhered to its ruling, and excluded him, and this was later sustained by the Secretary of Labor.

This writ of habeas corpus was sued out, and the court below reversed the ruling of the Board, stating that the Board of Special Inquiry did not have sufficient evidence upon which to exclude the alien, notwithstanding that there was no record of his alleged entry in October, 1913, at Ellis Island, and no evidence that he had paid a head tax. It was the function of the Board to determine whether the alien had sustained the burden of proof which was increased by his failure to prove a record of his entry in October, 1913. Judge Woolsey disagreed with the consideration of the evidence by the Board of Special Inquiry and stated his finding to the contrary. U. S. ex rel. Shore v. Day (D. C.) 36 F.(2d) 264. He denied that the absence of the record of entry by the alien is evidence against the alien, and stated that the Board has excluded the alien solely because of the absence of a record of entry. He found the immigrant was a nonquota alien and improperly excluded.

The rules of law applicable to this case have long been clearly defined. Findings by the Board supported by some evidence are conclusive. U. S. ex rel. Vajtauer v. Commr.,

273 U. S. 103, 47 S. Ct. 302, 71 L. Ed. 560; Gegiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; U. S. ex rel. Mantler v. Commr., 3 F.(2d) 234 (C. C. A. 2). The alien has the burden of proving his right to enter the United States. U. S. ex rel. Soy Sing v. Chinese Inspector, 47 F.(2d) 181 (C. C. A. 2); U. S. ex rel. Catechcs v. Day, 45 F.(2d) 142 (C. C. A. 2). This appellee sought to bear this burden by his own testimony and a joint affidavit of two others, saying that they had known the appellee as a resident of Canton, Ohio, for nine years. The testimony given by the appellee in the three hearings had before the Board shows an utter lack of particulars as to the claimed lawful entry in 1913 and as to his residence, employments, and employers since his arrival. The generality and indefinitness of his testimony might to some extent be excused by lack of memory or want of observation, but the character of his testimony, without repeating it, and his failure to call witnesses who might be of assistance to him, together with the failure to establish his lawful entry, satisfied the Board that he was not truthful in his testimony as to his entry in October, 1913. All this may be consistent with his having previously spent some time in this country, but that is far from establishing that his entry was lawful at the time he claims he first entered. The affidavit is at variance with respect to the appellee's testimony, and adds nothing to its truthfulness. It is sufficient to say that the Board of Special Inquiry was justified in disbelieving his testimony as to lawful entry as well as his alleged residence and employment in this country. Departmental exclusion based on rejection of conflicting testimony has support of authority. U. S. ex rel. Soy Sing v. Chinese Inspector in Charge at Port of New York (C. C. A.) 47 F.(2d) 181; U. S. ex rel. Fong Lung Sing v. Day, 37 F.(2d) 36 (C. C. A. 2). Discrepancies and contradictions in the testimony which point to the lack of truthfulness of the witness warrants the Board in rejecting the testimony, but discrepancies which the court feels are not substantial and due merely to the natural limitations of human observations or recollection cannot be a basis of rejection of the testimony otherwise credible. Gung You v. Nagle, 34 F.(2d) 848 (C. C. A. 9).

Since in the instant case the Board was justified in concluding that the testimony of the appellee was untruthful as to his first entry, the court below should not have sustained this writ.

Order reversed.