**RASH v. ZURBRICK, District Director of Immigration, et al.**

No. 5498.

District Court, E. D. Michigan, S. D.

Jan. 22, 1934.

Levin, Levin & Dill, of Detroit, Mich. (Theodore Levin and Nathan Milstein, both of Detroit, Mich., of counsel), for plaintiff.

Louis M. Hopping, Asst. U. S. Atty., of Detroit, Mich., for defendants.

O'BRIEN, District Judge.

The question at issue is whether an alien has access to the District Court by a bill in equity to enjoin the operation of an excluding order entered against him by the Secretary of Labor based upon a hearing by a board of special inquiry and upon a hearing by the board of review on appeal.

The bill was brought by an alien, Irwin Rash, who was excluded at the port of Detroit while attempting to return to the United States to what he contended was his unrelinquished domicile. There was no record of his prior entry. The order was based upon section 213 (a) of title 8, U. S. C., 8 USCA § 213 (a), section 13 (a) of Immigration Act of 1924, in that the alien was an immigrant not in possession of an unexpired consular immigration visa.

The bill of complaint seeks to overrule the Secretary of Labor upon a question of fact. If the board of special inquiry had found that the alien had previously been lawfully domiciled in the United States, as he contends he was, it might have admitted him without an immigration visa under section 213 (b) of title 8, U. S. C., 8 USCA § 213 (b), if he was found upon further examination to be otherwise admissible.

The plaintiff relies upon the authority of United States ex rel. Shore v. Day, 36 F.(2d) 264, in which the District Court held that the mere absence of a record of the alien's prior admission to the United States is not evidence to support the Secretary of Labor's finding that the alien is a member of an excluded class. Since this decision, however, the Circuit Court of Appeals for the Second Circuit, on November 7, 1932, reversed the District Court. United States ex rel. Shore v. Corsi, 61 F.(2d) 761, 762. The court said:

"The rules of law applicable to this case have long been clearly defined. Findings by the Board supported by some evidence are conclusive. U. S. ex rel. Vajtauer v. Com'r, 273 U. S. 103, 47 S.Ct. 302, 71 L. Ed. 560;

Gegiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; U. S. ex rel. Mantler v. Com'r, 3 F.(2d) 234 (C. C. A. 2). The alien has the burden of proving his right to enter the United States. U. S. ex rel. Soy Sing v. Chinese Inspector, 47 F.(2d) 181 (C. C. A. 2); U. S. ex rel. Cateches v. Day, 45 F.(2d) 142 (C. C. A. 2). This appellee sought to bear this burden by his own testimony and a joint affidavit of two others, saying that they had known the appellee as a resident of Canton, Ohio, for nine years. ⁂ * * All this may be consistent with his having previously spent some time in this country, but that is far from establishing that his entry was lawful at the time he claims he first entered. * ⁑ * Departmental exclusion based on rejection of conflicting testimony has support of authority. U. S. ex rel. Soy Sing v. Chinese Inspector in Charge at Port of New York (C. C. A.) 47 F.(2d) 181; U. S. ex rel. Fong Lung Sing v. Day, 37 F.(2d) 36 (C. C. A. 2)."

Plaintiff claims that the facts in the present case are similar. Before going into that, however, we note that the foregoing decision was made upon appeal from an order sustaining a writ of habeas corpus, and to that extent supports the defendant's contention that a well-settled and adequate remedy at law exists whereby the plaintiff might, if he chose, obtain a judicial review to determine the legality of the excluding order made by the Secretary of Labor. No authority has been cited, nor is a single case known to the court, in which the higher courts of the United States have sanctioned the use of a bill in equity by an alien to test the validity of an excluding order made by the Secretary of Labor. On the contrary, there is substantial authority for the proposition that a bill in equity by an alien to obtain a declaration of his right to remain in the United States will not lie. Darabi v. Northrup, 54 F.(2d) 70 (C. C. A. Ohio 1931). In Fafalios v. Doak, 60 App. D. C. 215, 50 F.(2d) 640, certiorari denied by Supreme Court (1931) 284 U. S. 651, 52 S. Ct. 31, 76 L. Ed. 552, the court held that a bill in equity will not lie to cancel a deportation order; the remedy of review by habeas corpus being adequate. Jung See v. Nash (C. C. A.) 4 F.(2d) 639, holds that habeas corpus is the proper remedy to obtain a judicial review of the rights of one claiming to be a citizen.

In Poliszek v. Doak, 61 App. D. C. 64, 57 F.(2d) 430, 431, the court said: "Whether the Supreme Court of the District has jurisdiction in any case to issue a writ of prohibition against an executive officer of the government, we need not decide, for, assuming the existence of the power, the court below rightfully refused to exercise it in the present case. The Immigration Act of 1917 (39 Stat. 874) prescribes the procedure for the exclusion and deportation of aliens and makes the decision of the Secretary of Labor final. So long, therefore, as he keeps within his jurisdiction and his decisions are not arbitrary or capricious, they are beyond the control of the courts. That the Secretary has jurisdiction both of the subject-matter and of the person in the present case is too plain to admit of question. Moreover, the writ of prohibition will never issue where there is another adequate remedy. In re Macfarland, 30 App. D. C. 365; In re Rice, 155 U. S. 396, 15 S. Ct. 149, 39 L. Ed. 198; Alexander v. Crollott, 199 U. S. 580, 26 S. Ct. 161, 50 L. Ed. 317. In Fafalios v. Doak, 60 App. D. C. 215, 50 F.(2d) 640, we rule that habeas corpus is the proper remedy to review deportation proceedings."

In the course of the opinion in the case of Wong Sun v. Fluckey (D. C.) 283 F. 989, 994, the court said: "Congress has committed the power to hear and decide that status to the immigration authorities. The courts through necessity have used the writ of habeas corpus as the only available procedure to determine whether the immigration authorities have exceeded or abused their power." This case was affirmed in the Circuit Court of Appeals for the Sixth Circuit in 293 F. 273, and again in the Supreme Court in 265 U. S. 239, 44 S. Ct. 524, 68 L. Ed. 999. Thus it appears that the plaintiff's only and proper remedy in this case is by a writ of habeas corpus; there being no authority in the law to sustain the bill in equity. The judgment is affirmed.

Plaintiff's bill is dismissed, the restraining order is vacated, and the temporary injunction is denied. The plaintiff is remanded to the custody of the Immigration and Naturalization Service for deportation.