## UNITED STATES ex rel. CORIA v. COMMISSIONER OF IMMIGRATION.

District Court, S. D. New York.

Nov. 25, 1938.

Julius C. Levy, of New York City, for relator.

Lamar Hardy, of New York City (Martin Klein, of New York City, of counsel), for respondent.

CONGER, District Judge.

This is an application for a writ of habeas corpus. The relator is an alien and has been ordered deported because he has been in the United States illegally since 1926. The alien came here as a sailor and deserted his ship.

In the petition herein, apparently the only grounds set forth for the writ are those with which the Court can have no concern.

The relator left and abandoned in Italy, a wife and child.

In 1933, he married in this country and has three children.

The first marriage in Italy is still valid and his wife is alive.

The petitioner herein, the second wife, applies to the Court, setting forth the fact that it will work great hardship on her and the three children; that the relator and his wife in Italy are not friendly; that his wife in Italy was not true to him and that is why he married again; that he wants to stay in this country so he can divorce his first wife and marry petitioner, thereby legitimatizing the three children in this country.

By no stretch of the imagination has the Court any power to grant relief on such grounds. The facts are undisputed that the alien is in this country illegally. The Court can advance no valid reason or argument to allow him to stay here; however distressing the result may be, the Court has no discretion.

"The determination of this question rests with the immigration officials, and, if

they accord a fair hearing and reach a decision not utterly arbitrary, their finding is conclusive." U. S. v. Day, 2 Cir., 54 F. 2d 990, 991.

"The rules of law applicable to this case have long been clearly defined. Findings by the Board supported by some evidence are conclusive." United States ex rel. Shore v. Corsi, 2 Cir., 61 F.2d 761, 762.

"In a case like the present the scope of judicial review is very narrow. If there was any evidence to support the Labor Department's findings of fact, they must be accepted. The court is without power to disturb them." United States v. Commissioner of Immigration, D.C., 14 F.Supp. 484, 486.

In this case the relator had a hearing on the 6th of October, 1937; the case was then adjourned until the next day so that he might obtain counsel. On the adjourned day he appeared without counsel, stating that he did not desire an attorney. True, he had an interpreter, but the questions and answers indicate that he understood and answered everything that was being asked him. On the adjourned day he was accompanied by the petitioner herein, who testified. The facts are undisputed that the relator is in the United States illegally and has been for many years.

This case has been pending since October. The relator has received great consideration in being allowed to stay here for so long a period; since October. The following is a short résumé of what has happened in his case:

"A hearing was afforded the alien on October 6 and October 7, 1937 at Ellis Island, New York Harbor, and deportation was recommended by the Immigration Inspector.

"On November 4, 1937 this recommendation of deportation was duly affirmed by the Board of Review of the Department of Labor and a warrant of deportation issued on December 11, 1937 by the Department of Labor.

"On January 14, 1938 the Board of Review of the Department of Labor denied an application for a review.

"On February 18, 1938 the Board of Review of the Department of Labor again denied an application for a review, but recommended that the alien be permitted to depart voluntarily under the rules promulgated for such departures.

"On March 16, June 1, June 8, June 30 and July 15, 1938, the Board of Review of the Department of Labor denied further requests for an extension of time to depart and finally, as the alien had not surrendered pursuant to the terms of a bond given in the sum of $1,000, declared the same breached and the amount thereof forfeited."

For the first time on this application for the writ of habeas corpus, a legal proposition has been injected here. That is that the relator was not properly arrested. There seems to have been a misapprehension at the time of the argument as to when the warrant of arrest was issued. The statement was made that it was issued on October 7, 1937, after the arrest of the relator. As a matter of fact, as appears from the file, the warrant was issued and received by the Immigration and Naturalization Service at Ellis Island on July 24, 1937, but the arrest was not made until October 6, 1937. This was a warrant by telegram in code.

The Court holds that the arrest was good and a legal arrest. The rights of the relator were protected; as appears from the minutes of the hearing, the warrant was shown, read and explained to him and he was advised that he was in custody, charged as follows: "That you have been found in the United States in violation of the immigration act of 1924, in that you have remained in the United States for a longer time than permitted under the said act or regulations made thereunder. Hearing is granted you under this warrant to enable you to show cause, if any there be, why you should not be deported. You are advised that under these proceedings you have the right to be represented by counsel, at your own expense, of your own selection, which counsel may be an attorney at law or any person of good character and reputation. Do you fully understand the charge in the warrant and your right to representation? A. I understand. I want an attorney."

■ As a matter of fact, in all the proceedings this question was never raised and was therefore waived, if there was any defect. Kjar v. Doak, 7 Cir., 61 F.2d 566.

■ The warrant was a proper warrant. Reynolds v. United States ex rel. Koleff, 7 Cir., 70 F.2d 39. Even though he had been arrested prior to the issuing of the warrant, the arrest would still have been

good. Sormunen v. Nagle, 9 Cir., 59 F.2d 398.

Petition for writ is denied. Submit order on notice.