**CHOW KAU v. CLARK et al.**
**Civ. No. 5040–48.**

United States District Court
District of Columbia.
April 27, 1949.

Jack Wasserman and Irving Jaffe, both of Washington, D. C. (Marvin M. Neuman, of Philadelphia, Pa., of counsel), for plaintiff.

George Morris Fay, U. S. Atty., Ross O'Donoghue, Asst. U. S. Atty. and Samuel K. Abrams, Atty., Dept. of Justice, all of Washington, D. C., for defendants.

PINE, District Judge.

This is an action for a declaratory judgment and for review under the Administrative Procedure Act.[1]

The complaint alleges the following facts: Plaintiff is a native and citizen of China. He last arrived in the United States on July 2, 1945. In 1947 a warrant was issued by defendants for his arrest, on the charge that he entered the United States in violation of law. Plaintiff was arrested and granted deportation hearings on November 26, 1947, December 5, 1947, and February 18, 1948. Thereafter deportation of plaintiff was recommended by agents of defendants, on the ground that he entered the United States without an immigration visa, and an order and warrant of deportation was thereafter issued. Subsequently, the Board of Immigration Appeals affirmed the order of deportation.

Plaintiff contends that the order by the Board of Immigration Appeals is null and void because it did not comply with certain sections of the Administrative Procedure Act relating to the conduct of hearings. Defendants have moved to dismiss the complaint on the ground that it "fails to state a claim upon which relief can be granted," and that the Court "lacks jurisdiction over the subject matter."

In Wong Yang Sung v. Clark et al., D. C., 80 F.Supp. 235, 236, District Judge Holtzoff referred to Subsection (a) of Section 7 of this Act, 5 U.S.C.A. § 1006(a), providing that "nothing in this chapter shall be deemed to supersede the conduct of specified classes of proceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute", and held that "deportation proceedings are within the exception contained in Section 7(a) of the Administrative Procedure Act". The United States Court of Appeals for the District of Columbia affirmed on Judge Holtzoff's opinion, Wong Yang Sung v. Clark et al., 174 F.2d 158.[2] This would appear to be dispositive in this jurisdiction of plaintiff's contentions, irrespective of whether he is entitled to review under the Administrative Procedure Act[3] or the Declaratory Judgment Act.[4]

The motion to dismiss is therefore granted. Counsel will submit appropriate order.

---

[1] 5 U.S.C.A. § 1001 et seq.

[2] See also Azzollini v. Watkins, 2 Cir., 172 F.2d 897.

[3] Cf. Bersoff v. Donaldson, D.C.Cir., 174 F.2d 494.

[4] 28 U.S.C.A. 2201, 2202. See Poliszek v. Doak, 61 App.D.C. 64, 57 F.2d 430; Fafalio v. Doak, 60 App.D.C. 215, 50 F. 2d 640; Darabi v. Northrup, 6 Cir., 54 F.2d 70.