**KABADIAN v. DOAK, Secretary of Labor, and five other cases.**

**Nos. 5721–5724, 5779, 5786.**

Court of Appeals of the District of Columbia.
Argued Feb. 7, 1933.
Decided April 17, 1933.

Rehearing Denied May 5, 1933.

Raymond M. Hudson, of Washington, D. C., for appellants.

Leo A. Rover and J. J. Wilson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

These are appeals from judgments of the Supreme Court of the District of Columbia sustaining demurrers to petitions for writs of prohibition to prevent the Secretary of Labor from deporting the appellants, and dismissing the petitions.

The cases, in their essentials, being alike, and having been heard together, will be disposed of in one opinion.

The allegations of the petitions are substantially as follows:

Haroutian Kabadian, alias Harry Kabedian, appellant in No. 5721, alleges that he is *a subject of Turkey*, 24 years old; that he entered the United States at Detroit on April 27, 1926, from Canada, as a student; that he cannot return to Turkey; and that he is a "man without a country"; that there is no treaty between the United States and Turkey at this time and no passport can be obtained by this government for his return; that no bond was required of him on entering the United States; that he knew he had no parents and only $500, with two sisters and a half-brother to depend upon for living and schooling; that on or about August 26, 1930, the appellee, through his agents, illegally arrested or detained him and forced him to give testimony, doing the same thing again on or about January 12, 1931, before the issuance of any warrant for his arrest; that on January 27, 1931, the appellee issued a warrant for his arrest for deportation, and that, at the hearing held on said warrant, the appellee, through his agents, used said testimony against him, over his objection; that on May 5, 1931, appellee issued a warrant to deport him, *charging "that he remained in the United States after failing to maintain the exempt status of a student, under which he was admitted";* that said testimony was not substantial and did not support the charge made against him; that in the whole proceedings the appellee exceeded his jurisdiction and acted beyond his authority, in that the appellee is unlawfully interfering with the person, rights, and liberties of petitioner, in excess of his authority in deportation cases.

The appellant Mohamed Abraham, alias Abie Mohamed, alleges that he is *a British subject* and native of East India, 30 years old; that he lawfully entered the United States at New York, on November 15, 1917, and has not left the United States since that date; that during all the time he has been here he has been working steadily, and for the larger part of the last 8 years he has worked for the Ford Motor Company and has assurances of permanent employment with that company; that appellee, on or about July 7, 1929, issued a warrant against him in excess of his jurisdiction and is now proceeding to deport him, the *charge* in said warrant being: *"That he has been found in the United States in violation of the Immigration Act of February 5, 1917, to wit: That he has been convicted and imprisoned for a violation of section 4 of said act";* that said charge does not state a deportable offense within appellee's jurisdiction, as it does not state that such conviction was within 5 years of the last entry or that there were two convictions, nor does it allege that he was ever both fined and imprisoned, which is the only punishment provided under section 4 (8 USCA § 138); that he has never been fined and imprisoned and there is no evidence that he has; that no criminal charge was ever preferred against him prior to April 2, 1928; that the testimony of the appellee was not sufficient to establish the charge, as made, but it did establish that petitioner had not been convicted and both fined and imprisoned under section 4 of the act of February 5, 1917 (8 USCA § 138); that the appellee is exceeding his jurisdiction in deportation matters, and is unlawfully interfering with the liberty of petitioner by such excess of jurisdiction.

The appellant Ruwin Kowal alleges that he was born June 28, 1909, in the Province of Minsh, Russia; that he is *a citizen of Russia*, a Jew, and a salesman, speaking four languages; that he landed in Canada April 7, 1928, and shortly afterward came into the United States at Detroit, and was back and

forth until the summer of 1929, when he took up his residence with his father and mother, who live in Detroit; that while under age he lived for a while in Poland, but refused to register as a citizen there, and left Poland; that while engaged in business in Detroit, he was arrested by agents of the appellee, without a warrant of any kind, on January 25, 1931, was held incommunicado for 2 days or more and refused counsel; that this arrest was forcible, illegal, and beyond the authority of the appellee; that while so held in said jail the appellee, through his agents, unlawfully, by threats and intimidation forced and compelled him to give a statement which appellee has used and is threatening to use in this proceeding; that on January 27, 1931, a warrant of arrest and deportation was issued by appellee against petitioner, and sent to Detroit, where petitioner was admitted to bail thereunder; that appellee is preparing in excess of his jurisdiction to deport petitioner, but cannot deport him to the country of his citizenship and nativity, as there is no treaty with Russia; and that appellee has no authority to deport him to any other country.

The appellant Celestino Guiseppe Polombo alleges that he is 33 years of age, *a citizen of Italy*, residing in Detroit; that he entered the United States at Detroit, on March 11, 1924, and has never since left the United States; that on May 21, 1931, appellee issued a warrant for his arrest and deportation, *charging "that he was found in the United States in violation of the act of 1924, to wit: In that he was a person likely to become a public charge at the time of his entry into the United States at Detroit, Michigan* (erroneously charged to have been about July 1, 1929), *and without inspection"*; that said warrant and proceedings thereunder are in excess of the jurisdiction of the appellee; that on May 14, 1931, without authority or warrant of arrest, appellee's agents seized petitioner, threw him into jail after coercing him to make certain statements, and held him incommunicado 3 or 4 days, with no charge against him, and by threats and intimidation without advice of friends or counsel forced petitioner to make a statement, on which statement appellee's agents without further evidence, on May 21 or May 22, 1931, issued said warrant of arrest and deportation against petitioner; that on such unlawfully obtained evidence the appellee is preparing and threatening to deport petitioner, which is beyond the jurisdiction and authority of the appellee to do.

The appellant Giovanni Spica alleges that he is *a subject of Italy;* that he legally entered the United States at New York in August, 1919, and has not since left the United States; that he has a wife and three children in the United States, the children having been born in the United States; that on or about July 3, 1930, when he was incarcerated in the matter here complained of, the appellee, through his agents and inspectors, without any warrant of arrest and deportation, subjected petitioner to an examination when he was deprived and denied the aid, advice, and assistance of friends or counsel, which examinations and the statements obtained thereby, were and are illegal; that said statements and evidence should be returned to the petitioner and destroyed; that on August 21, 1930, appellee issued a warrant of arrest and deportation against petitioner, *charging "that petitioner had been convicted under subdivision (c), sec. 2 of the act of May 26, 1922,"* which is not a cause for deportation; that said warrant is void on its face and is beyond the jurisdiction of appellee and should be quashed; that said warrant and some proceedings that have been had thereunder have been based in material part on said illegal statements and evidence, thereby invalidating said warrant and proceedings; that after the issuing of said warrant, petitioner was unlawfully arrested thereunder and admitted to bail under bond of $1,000; that now the appellee is threatening to deport this petitioner under said warrant and to declare the said bond forfeited, all of which is beyond the authority of appellee under the statute.

The appellant Peter Petikas alleges that he is *a subject of Greece,* and that he last entered the United States in 1923; that no criminal charges have been placed against him; that in 1930, without authority or warrant of arrest, appellee's agents seized him, threw him into jail and after coercing him to make certain statements held him incommunicado for some days and by threats and intimidation, and while denied aid and advice of friends or counsel, forced him to make a statement, on which alone, without further evidence, the appellee, in excess of his jurisdiction, in 1930, issued a warrant of arrest and deportation against petitioner and sent it to Pittsburgh, where appellee is preparing and threatening to deport petitioner, which is beyond the jurisdiction of appellee to do; that appellee based his warrant and proceedings solely on the statements so illegally and forcibly obtained and coerced from petitioner, and that appellee had no other evidence and could not obtain any other evidence; and that appellant fears that appellee and his agents will not hesitate to grab, abduct, and

deport him without opportunity to obtain aid, counsel, or assistance from friends or attorneys, or to sue out a writ of habeas corpus, as petitioner is informed and believes that other aliens have been deported.

The trial court sustained the demurrers and dismissed the petitions for writs of prohibition, upon the ground that each of the appellants had an adequate and complete remedy by proceedings in habeas corpus, and we think this ruling of the court below was correct. For in Fafalios v. Doak, 60 App. D. C. 215, 50 F.(2d) 640, and in Poliszek, alias Fishbone, v. Doak, 61 App. D. C. 64, 57 F.(2d) 430, both deportation cases based on allegations similar to those here, we held that habeas corpus is the proper remedy in such cases and that prohibition will never issue except in extreme cases where there is no other adequate remedy. See, also, In re Mac-Farland, 30 App. D. C. 365; In re Rice, 155 U. S. 396, 15 S. Ct. 149, 39 L. Ed. 198; Alexander v. Crollott, 199 U. S. 580, 26 S. Ct. 161, 50 L. Ed. 317.

It has been repeatedly decided by the Supreme Court that the writ of habeas corpus is a proper remedy for reviewing proceedings for the deportation of aliens and to ascertain whether jurisdiction has been therein exceeded. United States v. Jung Ah Lung, 124 U. S. 621, 8 S. Ct. 663, 31 L. Ed. 591; Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938; Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221. While in the state courts it is very generally held that the existence of an adequate remedy by habeas corpus will prevent the issuance of a writ of prohibition. Livingston v. Wyatt, 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159, 9 Ann. Cas. 972; Parks v. Ryan, 24 N. M. 176, 173 P. 858; In re Heffner, 16 Okl. Cr. 691, 182 P. 88; State v. Second Judicial District Court (Nev.) 18 P.(2d) 449; Wessels v. Superior Court, 200 Cal. 403, 253 P. 135, and in Bedford v. Wingfield, 27 Grat. 329, the Supreme Court of Virginia said that the writ of prohibition "issues only in cases of extreme necessity. * * * It is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists; and it is always a sufficient reason for withholding the writ, that the party aggrieved has another and complete remedy at law."

But counsel for the appellants contends that habeas corpus is a "semicriminal" or "quasi criminal" proceeding which "humiliates, disgraces, and interferes with the liberty and freedom of the party." We think that habeas corpus is a civil proceeding, and it has been so held by the Supreme Court of the United States in a number of cases.

"The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes; but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. * * * The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. * * * Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution." In re Tom Tong, 108 U. S. 556, 2 S. Ct. 871, 872, 27 L. Ed. 826.

"It is the legal demand of the petitioner's right in the form prescribed by law, and no question of guilt or innocence can be entertained during its progress." In re Reynolds, 20 Fed. Cas. page 592, No. 11721.

From the foregoing considerations, it follows that each of the judgments appealed from should be affirmed, and it is so ordered.

The applicable provisions of the immigration statutes are to be found in:

Section 1 (39 Stat. 874, U. S. Code, title 8, § 173 [8 USCA § 173]).

Section 16 (39 Stat. 885, 886, U. S. Code, title 8, § 152 [8 USCA § 152]).

Section 19 (39 Stat. 889, U. S. Code, title 8, § 155 [8 USCA § 155]).

Section 4 (43 Stat. 155, U. S. Code, title 8, § 204 [8 USCA § 204]).

Section 13 (43 Stat. 161, U. S. Code, title 8, § 213 [8 USCA § 213]).

Section 14 (43 Stat. 162, U. S. Code, title 8, § 214 [8 USCA § 214]).

Section 15 (43 Stat. 162, U. S. Code, title 8, § 215 [8 USCA § 215]).

Section 28 (43 Stat. 168, U. S. Code, title 8, § 224 [8 USCA § 224]).

Section 2 (42 Stat. 596, U. S. Code, title 21, § 174 [21 USCA § 174]).