## IMPIRIALE v. PERKINS, Secretary of Labor Department.

### No. 5845.

Court of Appeals of the District of Columbia.
Decided June 30, 1933.

Raymond M. Hudson, of Washington, D. C., for appellant.

Leo A. Rover and John J. Wilson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case is here on appeal from an order of the Supreme Court of the District of Columbia dismissing appellant's petition to require the Secretary of Labor to return to the petitioner certain "statements, evidence, documents, and papers" taken from him, and to destroy all records of the same in the possession of the United States and its officers.

The petitioner avers that he is a resident of Buffalo, N. Y.; that on or before May 4, 1932, without any jurisdiction, authority, warrant of arrest, warrant of deportation, or search warrant, the Secretary of Labor, through her agents and inspectors, seized and arrested the petitioner in his residence, threw him in jail, coerced him with threats and intimidation to make certain statements, and took from him certain documents and papers, to wit, two permits, and then held him incommunicado for some days, denying him the aid and advice of friends and counsel, with no charge pending against him; and that the Secretary, her assistants, agents, attorneys, and inspectors "propose and intend to use the foregoing evidence, documents, and papers so unfairly, illegally, and forcibly taken in (1) a criminal prosecution under section 22 of the Act of May 26, 1924 [8 USCA § 220] and (2) in proceedings on the charges in a warrant of arrest and deportation thereafter instituted; and that by reason thereof and of the facts set forth, petitioner's rights under the laws and the Constitution of the United States have been and will be violated unless the court orders the suppression and return prayed for."

It appears that on July 6, 1932, the petitioner filed a motion for an order directing the Secretary of Labor to return all the "statements, evidence, and papers" referred to in the petition; and that they be suppressed as evidence. On July 29, 1932, the Secretary of Labor entered a special appearance in the case, and objected to the jurisdiction of the court over said petition. The court treated the petitioner's motion as an application for a rule upon the Secretary of Labor to show cause why the prayers of the petition should not be granted; and, after hearing argument by counsel for the respective parties, the court denied the motion, refused to issue a rule, and dismissed the petition.

The question for our determination is whether the court was right in this action.

As the matter was considered and decided upon the petitioner's motion, together with the respondent's special appearance and denial of jurisdiction, the petitioner's averments of fact must be accepted as true, with all their implications of invasion of fundamental rights and disregard of constitutional guaranties.

In such a situation, if the petitioner were a known criminal under indictment in the same court for a heinous crime, and awaiting his trial, his motion must prevail under Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426.

But, since deportation proceedings are administrative and the action of the Secretary of Labor is intended by the statutes to be final, there is no regulatory power in the courts to control the course of such proceedings while pending in the Department.

The jurisdiction of the courts is contingent, and usually to be exercised by a writ of habeas corpus ex post facto of an order of deportation.

If an applicant has no standing either in the Department or in a court by preliminary motion to compel the return or suppression of documents illegally seized, another hardship is added to many that we have observed in deportation cases. But the service of process upon the Secretary of Labor in Washington cannot confer jurisdiction upon the Supreme Court of the District of Columbia to investigate on an independent petition an illegal search and seizure made in Buffalo by the Secretary's subordinates, and not connected with any case pending in that court.

"To sustain such a proceeding as this it must be held that the court below is clothed with plenary power to investigate on motion all unconstitutional searches or seizures, without regard to the question whether or not they bear any relation to proceedings pending in such District Court. For this doctrine no authority exists, and none ought to exist, and the court below was right in refusing to enter-

tain the application, even had the service been effective." Weinstein v. Attorney General of the U. S. (C. C. A.) 271 F. 673, 675.

The judgment of the trial court must be affirmed. The following authorities are thought to support this opinion: Japanese Immigration Case, 189 U. S. 86, 23 S. Ct. 611, 47 L. Ed. 721; U. S. v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; U. S. v. Sing Tuck, 194 U. S. 161, 24 S. Ct. 621, 48 L. Ed. 917; Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; Gegiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; U. S. v. McHie (D. C.) 194 F. 894; U. S. v. Friedberg (D. C.) 233 F. 313; U. S. v. Mills (C. C.) 185 F. 318; U. S. v. Maresca (D. C.) 266 F. 713; In re Chin K. Shue (D. C.) 199 F. 282; Poliszek v. Doak, 61 App. D. C. 64, 57 F.(2d) 430; Fafalios v. Doak, 60 App. D. C. 215, 50 F.(2d) 640; Kabadian et al. v. Doak, 62 App. D. C. 114, 65 F.(2d) 202, decided April 17, 1933.