**UNITED STATES ex rel. EISLER v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.**

District Court, S. D. New York.

Feb. 17, 1948.

Carol King, of New York City (Abraham J. Isserman, of Newark, N. J., of counsel), for relator.

John F. X. McGohey, U. S. Atty., of New York City (David McKibbin, and Harold J. Raby, Asst. U. S. Attys., both of New York City, of counsel), for respondent.

CONGER, District Judge.

This is a writ of habeas corpus challenging the legality of the detention of Gerhart Eisler by the respondent.

Eisler was taken into custody on February 2, 1948, pursuant to a warrant of arrest

in deportation proceedings, and is detained for hearing to show cause why he should not be deported for the reasons set forth in the warrant.

It appears from the papers and documents submitted to me that relator originally came to this country on June 13, 1941 in transit to Mexico. On arrival he was given a hearing before a Board of Special Inquiry held at Ellis Island, New York Harbor, New York on June 14, 1941. By the decision of said Board relator was excluded from admission into the United States under Section 13 (a) 1 of the Act of 1924, 8 U.S.C.A. § 213(a) (1), as an immigrant not in possession of an appropriate unexpired immigration visa. Relator was subsequently released on bail and has been here ever since.

He argues that since he was excluded from entry into the United States after hearing before a Board of Special Inquiry at Ellis Island, the deportation proceedings now initiated are illegal in that such proceedings lie only where an "entry" has been made.

Whatever merit may be found in this point depends initially upon administrative determination, for it is clear that it is prematurely made.

■ . Rule 18 of the General Rules of this Court provides that: "Writs [of habeas corpus] will not be allowed unless the petition shows * * * in deportation cases that the Secretary of Labor [now the Attorney-General] has issued a warrant of deportation." 18 (b). No such warrant has as yet been issued, nor, in fact, has the relator had a hearing on the question. The reason for the Rule is that the execution of the Immigration Laws is vested in the Attorney-General and not in the Courts, and his decision on such matters is final. 8 U.S.C.A. § 155. And before any writ may be entertained on any point it must be shown that administrative remedies have been exhausted. United States ex rel. Zdunic v. Uhl, D.C., S.D.N.Y., 1943, 56 F.Supp. 403, affirmed 2 Cir., 144 F.2d 286.

■ The language of the Circuit Court in the above case is determinative of the issue here:

"The immigration authorities are now holding him as a deportable alien preparatory to conducting administrative hearings, which should and doubtless will be begun after the disposition of the present appeal from the order dismissing the writ of habeas corpus. Inasmuch as the administrative authorities have held no hearings, and no warrant of deportation has been issued, the writ of habeas corpus was properly dismissed as premature, because the relator had not exhausted his administrative remedy as required by Rule 18 (b) of the District Court for the Southern District of New York and the decisions in United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917; Impiriale v. Perkins, 62 App. D.C. 279, 66 F.2d 805, certiorari denied 290 U.S. 690, 54 S.Ct. 126, 78 L.Ed. 594."

The warrant is legal and proper on its face. It commands the taking into custody of "the said alien and grant him a hearing to enable him to show cause why he should not be deported in conformity with law."

The matter is one of which the Immigration and Naturalization Service has jurisdiction under the law. The issues raised here go beyond the warrant and attempt to try out the issues which properly belong to the administrative body.

The issues as to whether relator is still beyond the gates and therefore not subject to deportation for the cause stated in the warrant of arrest and/or, as claimed by the Government, his status has changed so that he no longer is by a fiction outside the gates, are matters not for this Court but for the Board of Special Inquiry to decide.

The warrant indicates sufficient grounds for relator's detention. That is as far as I may inquire.

The relator finally urges that, assuming, arguendo, his detention is legal, this Court has power to release him on bail, and he prays that such relief be granted.

■ Section 156 of Title 8 U.S.C.A. specifies that aliens in custody pending deportation proceedings may be released on bail upon security approved by the Attorney-General. The relator's petition fails to indicate that he has applied to the Attorney-

General for bail. Further, assuming he had, and had been refused, such exercise of discretion upon the part of the Attorney-General is not reviewable by the Court. United States ex rel. Zapp v. District Director, 2 Cir., 1941, 120 F.2d 762.

The writ is dismissed.

Settle order.