**AZZOLLINI et al. v. WATKINS, Dist. Director of Immigration, etc.**

No. 168, Docket 21217.

United States Court of Appeals
Second Circuit.

March 10, 1949.

898

Charles Graff, of New York City, for plaintiffs-appellants.

John F. X. McGohey, U. S. Atty., of New York City (Louis Steinberg, Alvin Lieberman, and Harold J. Raby, all of New York City, of counsel), for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ Until the enactment of the Administrative Procedure Act of 1946, it was clear that habeas corpus was the only procedure by which deportation proceedings could be reviewed. Imperiale v. Perkins, 62 App. D.C. 279, 66 F.2d 805; Kabadian v. Doak, 62 App.D.C. 114, 65 F.2d 202; Sibray v. United States, 3 Cir., 185 F. 401. Petitioner contends that § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, authorizes review by means of this petition to review, even though he is not now in custody. The Court of Appeals for the Third Circuit so held in United States ex rel Trinler v. Carusi, 166 F.2d 457. But we need not decide this question, for, even if this form of review is permissible, the petition is without merit.

█ Petitioner argues that the deportation proceeding was improper because "the only hearing accorded to petitioner was the hearing by the prosecuting inspector, contrary to the regulations as set forth." By this he means that the same inspector acted as both investigator and hearing examiner—examining petitioner on behalf of the Immigration Service and recommending deportation to the Commissioner. There was no independent presiding officer of the sort required where § 5(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(c) applies.

Assuming that the requirement of an independent presiding officer would otherwise apply, we find that there has been no violation of the Act in this case, for § 7(a) of the Act, 5 U.S.C.A. § 1006(a), states: "nothing in this act shall be deemed to supersede the conduct of specified classes of proceedings in whole or part by or be-

fore boards or other officers specially provided for by or designated pursuant to statute." We think this was such a proceeding, for the inspector is an officer "specially provided for by or designated pursuant to statute," that is, by § 16 of the Immigration Act of 1917, 39 Stat. 874, 885-886, 8 U.S.C.A. § 152. That statute declares: "The inspection * * * of aliens, including those seeking admission or readmission to or the privilege of passing through or residing in the United States, and the examination of aliens arrested within the United States under this Act, shall be conducted by immigrant inspectors * * *." The inspectors are empowered to administer oaths, take evidence and have books and records produced for inspection. Although § 16 deals primarily with exclusion, this provision applies to examination of all aliens arrested within the United States under the Act, which covers deportation as well as exclusion.[1] The procedure in the case at bar corresponded to that required by § 16, and accordingly falls under the exception in § 7-(a) of the Administrative Procedure Act, as "specially provided for by or designated pursuant to statute."

Affirmed.

---

[1] Graham v. United States, 9 Cir., 99 F.2d 746.