PRINCE v. COMMISSIONER OF IMMIGRATION & NATURALIZATION et al.

Civ. A. No. 25968.

United States District Court
N. D. Ohio, E. D.

Sept. 29, 1949.

54

Henry C. Lavine, Cleveland, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., Cleveland, Ohio, for defendants.

WILKIN, District Judge.

Petitioner brings this action under Title 5 U.S.C.A. § 1001 et seq., Administrative Procedure Act, to review the acts of the Commissioner of Immigration and the Attorney General in issuing warrant and order of deportation.

The United States filed answer to the petition, and also affidavit of Floyd E. Ault, Officer in Charge of Immigration and Naturalization, Cleveland Office, and on the same day filed a motion to dismiss the action or, in the alternative, for an order granting summary judgment.

Petitioner was brought to this country from Italy at the age of two years; in 1921 he was convicted of bank robbery in Buffalo and served eight years of a twenty year sentence, having been released on parole for the last twelve years of the sentence; he was arrested in 1941 to be subjected to deportation proceedings on the ground that he was managing a house of prostitution and sharing in the earnings of prostitutes. At the deportation hearing petitioner stated, under oath, that he and his wife had left the United States in 1934 or 1935 by entering Canada at Niagara Falls and re-entering the country about an hour and a half later. At a later hearing petitioner stated that he had been mistaken in his earlier testimony and that he had not gone to Canada but to Goat Island, which is within the United States. Petitioner's wife corroborated his later testimony. Thereafter the Immigration authorities sought to deport petitioner on the ground that he had been convicted of a felony prior to his entry into this country, i. e., upon his return from Canada in 1934 or 1935. 8 U.S.C.A. § 155(a) provides that aliens entering this country who have criminal records may be deported.

Petitioner contends that the hearings, upon which was based the order of deportation, "were not conducted in accordance with the provisions of the Administrative Law and Procedure Act of 1946" (Petition, par. 10), and asks this court to review the warrant, hearing, findings and order of deportation and to find that the deportation warrant was illegally issued and is null and void. He also claims that the order was entered contrary to the facts and that the hearings were not in accord with due process.

At the hearing in this court, counsel for petitioner stated: "The only question here, your Honor, is whether the Administrative Procedure Act applies or it doesn't. If it doesn't apply we're out so far as our petition is concerned, no question about it, the motion should be granted."

Until the enactment of the Administrative Procedure Act of 1946 it was clear that habeas corpus was the only procedure by which deportation proceedings could be reviewed. Imperiale v. Perkins, 62 App. D.C. 279, 65 F.2d 805; Kabadian v. Doak, 62 App.D.C. 114, 65 F.2d 202; Sibray v. U. S., 3 Cir., 185 F. 401; Azzollini v. Watkins, 2 Cir., 172 F.2d 897. Petitioner contends that Sec. 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, authorizes judicial review by means of this petition to review, even though he is not now in custody.

Four cases have been cited supporting petitioner's contention that Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, authorizes judicial review and is applicable to this action: U. S. ex rel. Cammarata v. Miller, D.C.N.Y., 79 F.Supp. 643; U. S. ex rel. Lindenau v. Watkins, D.C.N.Y., 73 F.Supp. 216; Eisler v. Clark, D.C.D.C., 77 F.Supp. 610; U. S. ex rel. Trinler v. Carusi, 3 Cir., 166 F.2d 457, 461.[1] U.

1. This cause was later abated and judgment vacated. See U. S. ex rel. Trinler v. Carusi, 3 Cir., 108 F.2d 1014.

S. ex rel. Lindenau v. Watkins, supra, arose on a writ of habeas corpus; nevertheless Judge Holtzoff applied the judicial review provisions of the Administrative Procedure Act. Although this same contention was made in a later case, Azzollini v. Watkins, 172 F.2d 897, 898, the Court of Appeals for the Second Circuit did not mention or approve the two cases above in the District Court, and said, "But we need not decide this question, for, even if this form of review is permissible, the petition is without merit", and affirmed the holding of the District Court that Sec. 5(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(c), did not apply.

■ This court is of opinion that the finality clause of the Immigration Act of 1917, Title 8 U.S.C.A. § 155—Deportation of undesirable aliens generally, is within the excepting clause of Sec. 7(a) of the Administrative Procedure Act, Title 5 U.S.C.A. § 1006(a) and is also constrained to hold that Section 10 of the Administrative Procedure Act does not control deportation proceedings by the Attorney General, and that review in such proceedings is limited to habeas corpus. United States ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560. As was said in Yiakoumis v. Hall et al., D.C.E.D.Va., 83 F.Supp. 469, 472: "When the 'foreign affairs functions' of the United States are involved in any legislation * * * or adjudication by an administrative agency the Act is inapplicable * * *. Undoubtedly immigration * * * is an exercise of a sovereign power in international relations. * * * It is a power belonging to the political branches of our Government, the executive and legislative. Historically they only have occupied this field of government. The courts have studiously refrained from incursion into that realm. Even without the express exclusions in the Act, it is doubtful that the courts would construe the Administrative Procedure Act as empowering them to review the decisions of an executive officer in the performance of foreign affairs functions of government." See also dissenting opinion of Circuit Judge O'Connell in U. S.

ex rel. Trinler v. Carusi, 3 Cir., 166 F.2d 457, at page 462.

■ Although the question is not discussed in any of the briefs or in the Trinler or Azzollini cases, I am of opinion that judicial review of deportation cases under the Act is precluded by the underlined portion of 5 U.S.C.A. § 1009: "Except so far as (1) statutes preclude judicial review or (2) *agency action is by law committed to agency discretion.*" "Agency" is defined in the Act, 5 U.S.C.A. § 1001, as: " * * * each authority (whether or not within or subject to review by another agency) of the Government of the United States other than Congress, the courts, or the governments of the possessions, Territories, or the District of Columbia. *Nothing in this chapter shall be construed to repeal delegations of authority as provided by law. * * *"* (Italics added.)

Petitioner's deportation is being sought under, 8 U.S.C.A. § 155(a) as " * * * any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude; * * *." (See Warrant for Deportation, Exhibit 11 attached to defendants' notice of motion.)

That the decision to deport petitioner is an agency action "by law committed to agency discretion" appears from the further language in 8 U.S.C.A. § 155(a): " * * * In every case where any person is ordered deported from the United States under the provisions of this chapter, or of any law or treaty, the decision of the Attorney General shall be final."

The foregoing provision is also a "delegation of authority" which is not to be construed as repealed under 5 U.S.C.A. § 1001, quoted above.

In this view of the matter defendants' motion to dismiss should be sustained on the ground that the deportation proceeding is not subject to judicial review under the Act and also that the hearings in connection with the deportation proceedings are not governed by Act, on authority of the Azzollini case.

It therefore results that the petition for review must be denied and the motion to dismiss is sustained.