### WOLF v. BOYD et al.
### No. 2413.

United States District Court
W. D. Washington, N. D.

Nov. 22, 1949.

Caughlan & Hatten, Seattle, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., and John E. Belcher, Asst. U. S. Atty., Seattle, Wash., for defendants.

BOWEN, Chief Judge.

Judge Alexander Holtzoff, speaking for the United States District Court for the District of Columbia, in 80 F.Supp. at page 235 and 236, in the case of Wong Yang Sung v. Clark, said:

"Section 7 of the Administrative Procedure Act, Title 5, U.S.C.A. § 1006, on which the petitioner relies, requires statutory hearings to be conducted before an examiner appointed pursuant to the provisions of the Act. The hearing in this case, as is customary in all deportation proceedings, was conducted by an Inspector or Board of Inspectors of the Immigration and Naturalization Service. If the requirements of the Administrative Procedure Act are applicable, the hearing was not properly conducted.

"The Court feels, however, that this requirement of the Administrative Procedure Act does not apply to hearings under the Immigration Laws, in the light of the following provision of Subsection (a) of Section 7 of the Administrative Procedure Act: 'Nothing in this chapter shall be deemed to supersede the conduct

of specified classes of proceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute.'

"* * * Accordingly, the Court is of the opinion that deportation hearings may be properly conducted by Immigrant Inspectors and that the requirement of the Administrative Procedure Act as to a hearing before specially appointed examiners does not apply."

In the case of Azzollini v. Watkins, 172 F.2d 897, at page 898, the syllabus of the Court's ruling, which was made by the opinion of Judge Jerome Frank, one of the Circuit Judges of the Second Circuit, is as follows: "Deportation proceeding was not improper because same immigration inspector acted as both investigator and hearing examiner, without an independent presiding officer of sort required by Administrative Procedure Act, since deportation proceeding was excepted from operation of Administrative Procedure Act as 'specially provided for by or designated pursuant to statute'."

The Third Circuit case of U. S. ex rel. Trinler v. Carusi, reported in 166 F.2d 457, and strongly relied upon by counsel for plaintiff in this case now before this Court, appeared to have been a decision which is in conflict with the decisions of Judge Holtzoff and Judge Frank which I have mentioned. The Trinler case, upon a point other than that one now under discussion, was, in a later decision reported in 168 F.2d 1014, reversed by the same appellate court which first decided it and the lower court's decision was likewise set aside in that case, so that although that Third Circuit case relied upon by counsel for plaintiff in this case furnishes food for thought and an able discussion of the principles, it is no longer the law in the Third Circuit.

This Court does not and cannot refuse in any proper case to apply the valid and applicable provisions of Acts of Congress. In enacting the Administrative Procedure Act, Congress wrote in the Act an exception to its application. That exception provided in effect that the Administrative Procedure Act should not apply to proceedings "* * * by or before boards or other officers specially provided for by or designated pursuant to statute." 5 U.S.C.A. § 1006.

I believe that the deportation proceeding before the officers here complained of is exempted from the control of the Administrative Procedure Act, as was decided in the cases of Wong Yang Sung v. Clark, D.C., 80 F.Supp. 235, and Azzollini v. Watkins, 2 Cir., 172 F.2d 897, and U. S. ex rel. Lee Wo Shing v. Watkins, 2 Cir., 175 F.2d 194, 195.

This Court declines to grant the injunctive relief prayed for here and does grant the motion to dismiss this action.