**TOM WE SHUNG v. McGRATH,**
Atty. Gen., et al.
**Civ. A. No. 276–50.**

United States District Court
District of Columbia.
Feb. 27, 1952.

508

Jack Wasserman, Washington, D. C., Andrew Reiner, New York City, of counsel, for plaintiff.

Charles M. Irelan, U. S. Atty., Ross O'Donoghue, Asst. U. S. Atty., District of Columbia, Washington, D. C., for defendants.

KEECH, District Judge.

This is an action for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, and for review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., in connection with the exclusion of a Chinese alien. The plaintiff in his complaint requests "an order declaring that the hearing accorded the plaintiff before the Board of Special Inquiry was unfair, null and void, and further declaring that the plaintiff Tom We Shung is the blood son of Tom Wing and is admissible to the United States under Public Law 271, 79th Congress (8 U.S.C. 232)."

The plaintiff contends that the hearing before the Board of Special Inquiry which heard his case was null and void for the reasons that the Board was improperly composed of two immigrant officials and a clerk-stenographer; that the Board was subject to the control of officials engaged in investigatory functions, in violation of Section 5(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(c); and that the Board was not composed of hearing examiners appointed in conformity with Section 11 of the Act, 5 U.S.C.A. § 1010. Plaintiff further contends that the finding of the Board should be set aside under the provision of Section 10(e) (B) (5) of the Act, 5 U.S.C.A. § 1009(e) (B) (5), because it was not supported by substantial evidence or any evidence whatsoever.

Even before enactment of Public Law 843, 81st Congress, 8 U.S.C.A. § 155a, which specifically exempted immigration proceedings from the hearing provisions of the Administrative Procedure Act, they had been held inapplicable to exclusion proceedings before a Board of Special Inquiry, since Section 7(a) of the Act, 5 U.S.C.A. § 1006(a), specifically exempts from these provisions proceedings before "boards or other officers specially provided for by or designated pursuant to statute." [1]

■ Since Section 10(e) (B) (5) is confined to hearings held pursuant to the Act, it would be inapplicable to the hearing here involved, even if Section 10 be held applicable to immigration proceedings.

■ Since the complaint presents an actual controversy between the alien and immigration officials over the plaintiff's eligibility under 8 U.S.C.A. § 232 for admission to the United States, which enables the plaintiff to seek judicial review under the Declaratory Judgment Act, 28 U.S.C.A. § 2201,[2] it is not necessary to consider the applicability of the judicial review provision of the Administration Procedure Act.

Under the express provisions of the statute, the decision of the Board of Special Inquiry is final, when affirmed on administrative appeal, and is reviewable by the courts only when the administrative officers have manifestly abused the power and discretion conferred on them.[3]

■ The scope of review under the facts in this case—an exclusion case involving the attempted entry into this country by a Chinese alien—is therefore limited to a determination of (a) whether the statutory requirements have been complied with, and (b) whether there has been an abuse of discretion by the immigration authorities. This is so whether the plaintiff's action be considered under the Declaratory Judgment Act or under Section 10(e) of the Administrative Procedure Act.

■■ I find that there has been compliance with the applicable statutory requirements, and that the Board of Special Inquiry was properly constituted. I further find that, even if it were not so constituted, no timely objection was made thereto, although the plaintiff was admittedly represented by counsel particularly experienced and competent in such matters, and that the point, if valid, is not now available.

The Act under which the Board of Special Inquiry is authorized and operates provides specifically that the concurrence of two of its members is sufficient for board action. 8 U.S.C.A. § 153. No challenge was made or is now made of the fact that two members of the Board were lawfully members thereof, and the record discloses that the Board found unanimously that the applicant had failed to satisfactorily establish that he is the blood son of Tom Wing.

I further find that the hearing accorded the plaintiff was a fair one.

I have reviewed the entire record and not only find there was no abuse of discretion by the authorities, but conclude that the record adequately justifies the action taken. The record warrants the conclusion that the denial of admission was not based merely on minor discrepancies, but rather that the discrepancies, material or immaterial, were considered in connection with the entire record in determining the credibility of the plaintiff, his father, and his witness, and that the Board did not act arbitrarily in disbelieving the testimony offered in support of plaintiff's application for admission.[4]

I therefore find that the plaintiff's prayers should be denied, and the amended complaint be dismissed.

Counsel will please present appropriate findings of fact, conclusions of law, and judgment.

1. U. S. ex rel. Saclarides et al. v. Shaughnessy, 2 Cir., 180 F.2d 687, 689.

2. McGrath v. Kristensen, 340 U.S. 162, 169, 71 S.Ct. 224, 95 L.Ed. 173.

3. Tulsidas v. Insular Collector of Customs, 262 U.S. 258, 263, 43 S.Ct. 586, 67 L. Ed. 969; Knauff v. Shaughnessy, 338 U. S. 537, 543, 70 S.Ct. 309, 94 L.Ed. 317.

4. O'Connell ex rel. Kwong Han Foo v. Ward, 1 Cir., 126 F.2d 615, 620.