UNITED STATES ex rel. ATHANASO-
POULOS v. REID.

H. C. No. 9-53.

United States District Court
District of Columbia.
Feb. 13, 1953.

Louis N. Nichols, Washington, D. C., for petitioner.

Charles M. Irelan, U. S. Atty., and Edward O. Fennell, Asst. U. S. Atty., both of Washington, D. C., for respondent.

LAWS, Chief Judge.

Petitioner, a native and citizen of Greece, has been ordered deported from the United States following a finding on an administrative hearing and appeal that he is an alien immigrant not in possession at time of entry of a valid immigration visa, and not exempt from the presentation thereof by the Immigration Act of 1924, 43 Stat. 153, as amended, 8 U.S.C.A. § 201 et seq., repealed 66 Stat. 279, June 27, 1952, or regulations issued thereunder. He has assailed the legality of his detention by writ of habeas corpus.

Petitioner entered the United States on May 20, 1946, as a seaman, and, having remained for a longer time than permitted by law or regulation, was permitted to depart voluntarily, after deportation proceedings were initiated, on May 5, 1952. He again entered the United States on August 28, 1952. He does not now deny that he is illegally in the United States or that he is deportable. He contends, however, that he was denied a fair hearing in that the Hearing Officer refused to allow the admission of properly admissible evidence and ordered the reporter to destroy certain portions of the record, and that he was thereby pre-

vented from departing voluntarily from the United States.

■■ Under former 8 U.S.C.A. § 155, under which the deportation proceedings were held, the Attorney General has the sole discretion to permit voluntary departure in lieu of deportation in enumerated situations. United States ex rel. Bartsch v. Watkins, 2 Cir., 1949, 175 F.2d 245; United States ex rel. Castro-Louzan v. Zimmerman, D.C.Pa.1950, 94 F.Supp. 22. The mere failure of the Attorney General to exercise his discretionary power favorably does not constitute a violation of any constitutional right or an abuse of discretion. Zacharias v. McGrath, D.C.D.C. 1952, 105 F.Supp. 421. However, if there were omissions from the record so that the reviewing authority had no basis upon which to exercise his discretion, error would be committed. An unfair record is an infringement of law. It also is not a fair basis for action by the head of the department charged with the administration of the immigration and naturalization laws. Colyer v. Skeffington, D.C.Mass.1920, 265 F. 17, reversed in part on other grounds, Skeffington v. Katzeff, 1 Cir., 1922, 277 F. 129.

Although the evidence shows there were three deletions from the record of the hearing before the immigration officer, there has been no showing they were in any degree prejudicial. None of the deletions relates to matters which were of substance and required to be part of the record.

■ One substantial question is raised by the record of the hearing. There is evidence that petitioner when first taken into custody was questioned late into the night, while fatigued, without presence of counsel, that he has only a rudimentary knowledge of the English language, and that, in response to questioning, he stated and signed a statement that at the time of entry into the United States it was his intention to stay here permanently. It appears he was refused permission to amplify, modify or explain this statement before the Hearing Officer. In the habeas corpus case, petitioner testified he had wished to explain to the Hearing Officer that his intention was to remain in the United States until a pending divorce from his wife in Greece became final, at which time he would marry a native-born citizen of the United States, and later re-enter as the spouse of an American citizen.

Clearly petitioner as a matter of right should have been permitted to testify before the Hearing Officer that the obviously damaging statement to the arresting authorities that he intended to remain permanently in the United States was incorrect. Cf. Ungar v. Seaman, 8 Cir., 1924, 4 F.2d 80; In re Sugano, D.C.Cal.1930, 40 F.2d 961. His explanation was one for consideration and finding by the Hearing Officer and also for subsequent action by the Attorney General in deciding whether deportation would be voluntary or involuntary. Counsel for petitioner failed to urge this point in his appeal before the Board of Immigration Appeals and the question here arises whether for this reason this Court may act to consider the point.

■ There is an exhaustion of administrative remedies and a writ of habeas corpus will lie upon the issuance of an order of deportation following an administrative hearing and appeal. See United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 166 F.2d 457, vacated on other grounds, 3 Cir., 1948, 168 F.2d 1014; De Koning v. Zimmerman, D.C.Pa.1950, 89 F.Supp. 891. Cf. United States ex rel. Zdunic v. Uhl, 2 Cir., 1944, 144 F.2d 286; Impiriale v. Perkins, 1933, 62 App.D.C. 279, 66 F.2d 805, certiorari denied, 1933, 290 U.S. 690, 54 S.Ct. 126, 78 L.Ed. 594; United States v. Sing Tuck, 1904, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917.

■ Respondent contends that since under Rules of the Immigration and Naturalization Service of the Department of Justice, a case may be reconsidered or reopened upon written motion, petitioner should make his objection to the Appeals Board before he may proceed by writ of habeas corpus. "The Board may, in its discretion, grant or deny such motion, and pending its consideration of the motion may stay deportation." 8 C.F.R. § 90.11(b)

(1949). Since their action is discretionary, and they are not bound by law to stay deportation, petitioner is subject to immediate deportation, administrative remedies may therefore be said to be exhausted, and a writ of habeas corpus will lie.

■■ It is true that since petitioner here failed to raise the question in his appeal to the Board of Immigration Appeals, he ordinarily would be precluded from raising it for the first time before this Court. A constitutional right may be forfeited by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. See Yakus v. United States, 1944, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834. That decision recognizes, however, that the Court in its discretion sometimes departs from this rule except when a decision from a state Court is involved. Id., 321 U.S. at pages 444–445, 64 S.Ct. 660, 88 L.Ed. 834. There may be particular circumstances which will prompt a Court to consider questions not raised before the administrative agency where injustice might otherwise result. See Hormel v. Helvering, 1941, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; but cf. Tom We Shung v. McGrath, D.C.D.C. 1952, 103 F.Supp. 507. On a fundamental question going to the essence of due process, petitioner should not be penalized for failure of counsel to raise the question before the Board of Immigration Appeals.

While the failure to include the attempted explanation is not relevant and material as affecting the charge contained in the warrant of arrest, deportability having been conceded, it is relevant and material as bearing upon petitioner's eligibility for a grant of voluntary departure. In Matter of M, Interim Decision No. 352 (April 22, 1952), cited by the Government, the Board of Immigration Appeals stated that aliens who entered the United States would be denied voluntary departure where there was a design to effect permanent residence in violation of law. It was thus important to know what his intention was at time of entry. The Board further stated that an alien who was once granted voluntary departure and who is found here illegally, does not merit a second chance for such departure in the absence of very strong extenuating circumstances, or if his previous violation was remote in point of time to facts involved in the current proceeding. It may well be decided, although the Court will not substitute its discretion for that of the administrative agency, that a contemplated marriage to a citizen is such very strong extenuating circumstance, since the spouse of an American citizen is a non-quota immigrant. 66 Stat. 166, June 27, 1952, 8 U.S.C.A. § 1101(a) (27) (A).

Whether petitioner has been deported or has been permitted to depart voluntarily will be of weight at such time as petitioner shall seek re-entry into the United States. Petitioner has a right to have a proper record before the reviewing authority who makes the final determination. "It is the action of the deciding body, not the recommendation of the inspector, which determines whether the alien will be deported. The rules afford protection at that crucial stage of the proceedings or not at all." Bridges v. Wixon, 1944, 326 U.S. 135, 152–153, 65 S.Ct. 1443, 1452, 89 L.Ed. 2103.

The Court will retain jurisdiction over petitioner and the proceedings to deport him, pending further hearing before the Immigration and Naturalization Service and findings and order based on such hearing. Meanwhile petitioner may continue to be released on bond in the sum of $2500 heretofore approved by this Court.