**TOM WE SHUNG v. BROWNELL et al.**

No. 11417.

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1953.

Decided July 2, 1953.

Writ of Certiorari Granted
Oct. 19, 1953.
See 74 S.Ct. 70.

Judgment Vacated Dec. 7, 1953.
See 74 S.Ct. 237.

Mr. Jack Wasserman, Washington, D.
C., for appellant.

Mr. Lewis A. Carroll, Asst. U. S. Atty.,
Washington, D. C., with whom Messrs.
Charles M. Irelan, U. S. Atty., Washington, D. C., at the time of argument, Ross
O'Donoghue and William R. Glendon,
Asst. U. S. Attys., Washington, D. C., at
the time of argument, were on the brief,
for appellees. Messrs. Leo A. Rover, U.
S. Atty., and Joseph M. Howard, Asst.
U. S. Atty., Washington, D. C., at time
record was filed, and William E. Kirk,
Jr., Asst. U. S. Atty., Washington, D. C.,
at time brief was filed, also entered appearances for appellees.

Before WILBUR K. MILLER, PROCTOR and FAHY, Circuit Judges.

PER CURIAM.

Tom We Shung, appellant, is an alien
born in China. He sought entry into the
United States under authority of Act of
Dec. 28, 1945, c. 591, § 1, 59 Stat. 659, 8
U.S.C. § 232 (1946 ed.), U.S.Code Cong.
Service 1945, p. 634,[1] upon the claim that
he was a minor child of one Tom Wing,
an honorably discharged veteran of
World War II with United States citizenship. Admission was denied Shung upon
the ground, as determined by a Board of
Special Inquiry, that he had failed to
satisfactorily establish his alleged rela-

---

1. "That notwithstanding any of the several clauses of section 3 of the Act of
February 5, 1917, excluding physically and
mentally defective aliens, and notwithstanding the documentary requirements
of any of the immigration laws or regu-

lations, Executive orders, or Presidential
proclamations issued thereunder, alien
spouses or alien children of United States
citizens serving in, or having an honorable discharge certificate from the armed
forces of the United States during the

tionship with Tom Wing. Suit was then filed in the District Court for a review under the Administrative Procedure Act, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq., and for a declaratory judgment[2] that the hearing before the Board of Special Inquiry was unfair and void; and that Tom We Shung is the blood son of Tom Wing and so admissible to the United States.

In the course of hearings before the three-member Board of Special Inquiry its personnel was changed between hearings by substitution of one Immigration Inspector for another, and by substitution of a secretary, or clerk-stenographer, in place of another of the same rank. However, the members making final determination were familiar with all the evidence and no objection was raised to the changes either at the hearings or at any stage of the administrative proceedings.

On this appeal appellant repeats contentions unsuccessfully urged in the District Court. They involve composition of the Board, legal incompetency of its members, changes in its personnel during the hearings, and sufficiency of the evidence to support the decision and order of exclusion, from which it is argued that the proceedings were unfair and a legal nullity. These questions are fully dealt with by District Judge Keech in an opinion reported in 1952, 103 F. Supp. 507. We agree with his conclusions (1) that the Board was properly constituted, if not, that failure to make timely objection to its composition rendered the point unavailable now,[3] (2) that the hearings by the Board were fair and its decision sufficiently supported by the evidence.

The recent decision of the Supreme Court in Heikkila v. Barber, 1953, 345 U.S. 229, 73 S.Ct. 603, may suggest a serious question as to the right of judicial review of an exclusion order except by the limited process of habeas corpus. However, as appellant has been accorded the benefit of a full review and questions concerning validity of the administrative proceedings have been considered and resolved against him, it is unnecessary for us to consider the question now.

Affirmed.

2. 28 U.S.C. § 2201 (Supp. V, 1952).

3. See United States v. Tucker Truck Lines, 1952, 344 U.S. 33, 73 S.Ct. 67, decided after the decision of the District Court in the present case.

Second World War shall, if otherwise admissible under the immigration laws and if application for admission is made within three years of the effective date of this Act, be admitted to the United States * * * ."