**UNITED STATES ex rel. TSERMEGAS**
**v.**
**NEELLY, District Director of Immigration.**
**No. 11082.**

United States Court of Appeals
Seventh Circuit.

March 15, 1954.

Rehearing Denied March 30, 1954.

---

Irving G. Steinberg, Edmund Hatfield, Chicago, Ill., for appellant.

Irwin N. Cohen, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY, Circuit Judge.

DUFFY, Circuit Judge.

A petition has been filed herein, neither signed nor verified by the named petitioner, but verified upon information and belief by Edmund Hatfield, one of petitioner's attorneys. The petition sets forth that there is pending before this court an appeal from a denial for a writ of habeas corpus; that petitioner is being held without bail in the Cook County, Illinois, jail by the U. S. Immigration Service, pending deportation proceedings now before the Board of Immigration Appeals; that petitioner has a stomach ailment and requires a special diet; that the district court ordered that petitioner be examined by a government physician; that such examination took place and that the attorneys for the petitioner are informed and believe that said examination revealed that petitioner has a stomach ailment which requires that he be on a special diet. For relief the petitioner prays: (1) that this court order an examination of petitioner by a competent and impartial physician and if such examination reveals the necessity therefor to order the petitioner be placed on a special diet or be removed to a hospital; (2) that petitioner be released on reasonable bail pending appeal.

Respondent in an unverified answer signed by the United States Attorney alleges that petitioner has twice been examined by competent physicians at the U. S. Marine Hospital in Chicago, the second examination being on January 26, 1954; that the physicians have reported that petitioner can be retained in the Cook County Jail without injury to his health as long as he is supplied with a bland diet; that since the middle of December, 1953, petitioner has been supplied with such diet, but that petitioner has refused same, insisting upon being served the same food as other jail inmates. It is further alleged that petitioner has not personally complained to Cook County or to federal officials; that he has been assigned to a cell in the Immigration Tier in the County Jail, complete with bed and toilet facilities; and that no duties have been assigned to him and he spends a great deal of his time in the day room of the Jail either playing cards, reading or conversing with other inmates. The answer also asserts that it is only petitioner's attorneys who are asserting ill health of the petitioner, and that it is a part of the campaign of various organizations such as the Veterans of the Abraham Lincoln Brigade to have petitioner released on bail. The answer also alleges that the petition is not brought in good faith, and that petitioner's attorneys have from time to time sought and obtained continuances, not only before the Immigration and Naturalization Service but also before the Board of Immigration Appeals in Washington, before which petitioner's deportation proceeding is now pending.

Both the petition and the answer are in unsatisfactory form. Hearsay representation as to petitioner's physical condition is presented by his attorneys; and hearsay statements from doctors are presented in opposition to said petition. However, we do not reach the merits of the petition and answer because respondent has moved to dismiss the appeal and we are of the opinion that said motion must be granted.

It is shown that petitioner is being held without bail, under the authority of § 242 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1252 (a). Since the date of the hearing held by the district court on petitioner's petition for a writ of habeas corpus, petitioner's cause has been heard and determined by a special inquiry officer of the Immigration and Naturalization Service, who held petitioner to be deportable and who ordered his deportation for the reason that he was, after his entry into the United States, an alien who was a member of the Communist Party of the United States. It is without dispute that petitioner has taken an appeal from the order of the special inquiry officer to the Board of Immigration Appeals, where the question of his deportability is presently pending.

The Supreme Court has determined that under § 20(a) of the Immigration Act, as amended by § 23 of the Internal Security Act,[1] the Attorney General may in his discretion hold in custody, without bail, pending determination as to their deportability, aliens who are members of the Communist Party of the United States, when there is reasonable cause to believe that their release on bail would endanger the safety and welfare of the United States. Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547. Here, the government claims that petitioner's release would endanger the safety and welfare of the United States.

It is apparent on the face of petitioner's pleadings that he has not exhausted his administrative remedies. Until he has done so he is not entitled to resort to or to maintain habeas corpus proceedings. Highland Farms Dairy, Inc. v. Agnew, 300 U.S. 608, 616, 57 S.Ct. 549, 81 L.Ed. 835; Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199, 82 L.Ed. 276; United States ex rel. De Lucia v. O'Donovan, 7 Cir., 178 F.2d 876, 879; United States ex rel. Eisler v. District Director of Immigration and Naturalization, etc., D.C., 76 F.Supp. 737.

The district court was clearly right in denying the petition for a writ of habeas corpus. Petitioner has no standing in this court on an attempted appeal from said order of denial. Therefore, appeal dismissed.

1. Now § 242(a), Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1252(a), which is implemented by Title 8, Code of Federal Regulations, Aliens and Nationality, § 242.2, as amended effective June 19, 1953, published 18 F.R. 3530, provides: *"Detention or release of aliens from custody.* District directors, deputy district directors, district enforcement officers, or officers in charge may exercise the authority contained in § 242 of the Immigration and Nationality Act to continue or detain aliens in, or release them from, custody."