Jose Bernardo ESTEVEZ, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.

No. 12417.

United States Court of Appeals District of Columbia Circuit.

Argued April 19, 1955.

Decided Oct. 13, 1955.

Mr. Max Zelden, New Orleans, La., of the bar of the Supreme Court of Louisiana, pro hac vice, by special leave of Court, with whom Messrs. E. L. Koepenick, Jr., and John C. Dougherty, Washington, D. C., were on the brief, for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Robert L. Toomey, Asst. U. S. Atty., and Albert L. Reitzel, Asst. Gen. Counsel, Immigration and Naturalization Service, were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's complaint, filed in 1954, says he is a native and citizen of Honduras, last arrived in the United States in 1953, and was ordered excluded under § 212(a) (22) of the Immigration and Nationality Act of 1952, 66 Stat. 184, 8 U.S.C.A. § 1182(a) (22), on the ground that he had previously left the United States to avoid military service. He contends that the necessary intent was not shown and that the exclusion proceedings were defective in other respects. He asks that these proceedings be declared void. The District Court dismissed his complaint on the ground that the court had no jurisdiction because an order of exclusion cannot be reviewed except by habeas corpus. We think the court erred.

If appellant were attacking a deportation order instead of an exclusion order, his right to the review he seeks would be clear. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591. We think the principle of that case extends to this one.[1] The pertinent provisions of the 1952 Act in respect to deportation and in respect to exclusion are substantially similar. Section 242(b) says: "In any case in which an alien is ordered deported * * * the decision of the Attorney General shall be final * * *." 66 Stat. 210, 8 U.S.C.A. § 1252(b). Section 236(c) says: "where an alien is excluded from admission * * * the decision of. a special inquiry officer shall be final unless reversed on appeal to the Attorney General." 66 Stat. 200, 8 U.S.C.A. § 1226(c).

It is irrelevant that with regard to a "person who has been issued a certificate of identity under the provisions of subsection (b)" and is "in possession thereof", § 360(c) of the Act provides that a "final determination by the Attorney General that any such person is not entitled to admission to the United States shall be subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise." 66 Stat. 273, 274, 8 U.S.C.A. § 1503(c). Appellant is not "any such person". It does not appear that he "has been issued", or has applied for, a certificate of identity under the provisions of subsection (b). It appears that he is not entitled to one, for only certain classes of persons who claim to be nationals of the United States are entitled to certificates, and appellant says he is a citizen of Honduras.[2] Section 360(a) of the 1952 Act, 66 Stat. 273, 8 U.S.C.A. § 1503(a), likewise has no application here. It applies only to persons "within the United States" who claim "a right or privilege as a national of the United States."

Reversed.

---

1. Although the exclusion case of Tom We Shung v. Brownell, 346 U.S. 906, 74 S.Ct. 237, 98 L.Ed. 405, involved the 1917 Act, and the present case involves the 1952 Act, it is perhaps significant that in Tom We Shung the Supreme Court relied solely on Heikkila, a deportation case. [Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972.]

2. In Rubinstein v. Brownell, 92 U.S.App. D.C. 328, 331, 206 F.2d 449, 452, a deportation case, we had no occasion to point out that § 360(c) does not apply to all exclusion cases.