Tom We SHUNG, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.

No. 12117.

United States Court of Appeals District of Columbia Circuit.

Argued April 14, 1955.

Decided Oct. 13, 1955.

Mr. Jack Wasserman, Washington, D. C., with whom Mr. Andrew Reiner, was on the brief, for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., George E. Hamilton, III, Asst. U. S. Atty., and Albert E. Reitzel, Asst. Gen. Counsel, Immigration and Naturalization Service, were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Before the 1952 Immigration and Nationality Act[1] was passed, the Attorney General ordered Tom We Shung excluded from the United States and Tom We Shung sought review under the Administrative Procedure Act [5 U.S.C.A. § 1001 et seq.] and a declaratory judgment. We decided against him on the merits. 93 U.S.App.D.C. 32, 207 F.2d 132. The Supreme Court, citing Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972, vacated our judgment and remanded the case to the District Court with directions to dismiss the complaint. Tom We Shung v. Brownell, 346 U.S. 906, 74 S.Ct. 237, 98 L.Ed. 405. The Supreme Court thereby held that an exclusion order, like a deportation order, could not be reviewed, otherwise than in habeas corpus, on a complaint filed before the 1952 Act took effect.

Obviously our judgment settled nothing, since it was vacated. After the 1952 Act took effect Tom We Shung filed the present complaint, based on the same exclusion order and seeking the same relief. The District Court ruled that it was "without jurisdiction to review an order of exclusion in proceedings other than habeas corpus."

We think the court had jurisdiction to review the order of exclusion.

---

1. 66 Stat. 163, 8 U.S.C.A. § 1101 et seq.

Estevez v. Brownell, 97 U.S.App.D.C. ——, 227 F.2d 38. Since the complaint was filed after the 1952 Act took effect, we think it immaterial, so far as the right to judicial review is concerned, that the exclusion order was issued before the Act took effect. Muscardin v. Brownell, 97 U.S.App.D.C. ——, 227 F.2d 31.

The present question, whether review may be had on a complaint filed after the 1952 Act took effect, is not *res judicata*, since it neither was nor could have been decided in the previous suit, filed before the Act took effect.[2]

Reversed.

2. In this respect we disagree with Heikkila v. Barber, 9 Cir., 216 F.2d 497, certiorari denied 349 U.S. 927, 75 S.Ct. 769.